[S. F. No. 2002. In Bank.—August 1, 1903.]

## CITY STREET IMPROVEMENT COMPANY, Appellant, v. WILLIAM BABCOCK, Respondent.

Street Improvement—Resolution of Intention—Objection by Property-Owners—Jurisdiction.—Where the owners of a majority of frontage along the line of a proposed street improvement, having the right to stop the work under the street law, signed a written objection to the work, and delivered it to the clerk of the proper board, who indorsed thereon the date of its reception, all proceedings under the resolution were thereby ended, and no further proceedings could be had by the board without a new resolution of intention.

Id.—Filing of Objection — Indorsement — Authentication.—The street law only requires the delivery of the written objection of the property-owners to the clerk of the proper board, and his indorsement thereon of the date of his reception. It does not require the indorsement to be signed or authenticated by the clerk; and the written objection must be deemed filed, so far as the rights of the property-owners are concerned, when delivered to the proper officer at the proper office. The protesting owners are not bound to see that the clerk makes or authenticates the indorsement.

Id.—Construction of Street Law—Liberal Construction in Favor of Property-Owners.—The rule that proceedings *in invitum* must be strictly construed and strictly pursued has no application to a proceeding by the property-owners in making their protest in order to prevent the taking of their property for a public improvement, and the statute, so far as designed for their protection, should receive a liberal construction, with a view to effect its object and promote justice.

Id.—Right to Stop Work—Change of Improvement—Extension of One Block—Construction of Vrooman Act.—Section 3 of the

[1] 84 Am. St. Rep. 70.

Vrooman Act, giving the board jurisdiction to proceed with work in certain excepted cases notwithstanding a protest, has no application to cases where a new improvement, and of a different character, already made on part of a street, but not extending within two blocks of the end thereof nor within two blocks of a similar improvement, is extended one block farther, and covering an improvement inferior in character and different in construction, which had been made years before, and was much deteriorated by time and wear. In such case the owners of the majority of frontage have a right by their protest to stop the work.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

George D. Collins, for Respondent.

SHAW, J.—This is an appeal by the plaintiff from a judgment in favor of the defendant in an action to foreclose a street assessment.

The court finds that the board of supervisors did not on October 22, 1894, or at any other time, *duly* make or pass a resolution ordering the work done, and that said board on that day did "adopt and pass a resolution" ordering said work done, "but did not prior thereto, and relative to said order, pass a resolution of intention to order said work." The appellant claims that this finding is inconsistent and contradictory of itself. The evident meaning of the court in making this finding was, that although the board did adopt and pass the resolution ordering the work done, still the resolution was not "duly" passed or adopted; that is to say, it was passed without there being any previous resolution of intention on which it could be founded, and, consequently, the board had no jurisdiction to pass it. In such a case it would be strictly true, in the legal sense, that it was not *duly* passed, although it had been actually passed.

The principal point in the case arises from the following facts: A resolution of intention to do the work was passed on February 26, 1894, and within the time prescribed by law the owners of a majority of the frontage along the proposed im-

provement made and signed a written objection to the work, and delivered the same to the clerk, who indorsed thereon the date of its reception by him; and thereupon the further proceedings under the resolution of intention were ended. But the board did, nevertheless, attempt to resume and revive the old proceeding, and continue the work under it without a new resolution of intention. This, it was held in *City Street Improvement Co.* v. *Babcock,* 123 Cal. 205, could not be done. There must be a new resolution of intention, precisely the same as if none had ever been passed. The plaintiff now presents the proposition that the written objection of the property-owners was never legally indorsed by the clerk of the council, and that for that reason it never became effectual to terminate the proceedings under the resolution of intention passed February 26, 1894. And this is the chief remaining question in the case. The facts are, as found by the court, and upon sufficient evidence, that the written objection, or protest, was delivered to the clerk, who thereupon indorsed thereon the date of its reception by him, but did not authenticate the indorsement by signing his name thereto.

The law provides that the objections, or protest, "shall be delivered to the clerk of the city council, who shall indorse thereon the date of its reception by him, and such objections, so delivered and indorsed, shall be a bar for six months to any further proceedings" in the doing of the work. The rule that obtains with respect to proceedings against the property-owner, and by which his property may be taken from him without his free consent, to the effect that all such proceedings must be construed with great strictness, and all requirements of the statute precisely followed, if they are of such a nature that by any possibility he might be prejudiced by a failure to observe them, is not applicable to this proceeding in the way of a protest by him. It is a proceeding in his favor, provided for the purpose of enabling him to prevent the taking of his property for a public improvement which he does not desire. There is no reason why this clause of the statute should not receive a liberal construction "with a view to effect its object and promote justice," as provided in the Political Code (secs. 4, 326). The rule with regard to the filing of papers, generally, is, that, so far as the person inter-

ested is concerned, a paper is filed when he has left it for that purpose in the hands of the proper officer at the proper office. The subsequent omission of the officer to make the indorsements required by the law will not prejudice the rights of the person who presented it.

The law under consideration does not in terms require the clerk to attach his signature to the indorsement, and there is nothing that implies that the protesting owners must see that he does so or be deprived of all benefits of their protest. There is nothing that indicates that the language should be given other than its natural meaning. Accordingly, it was held by this court in Department, in the case of *Thomason v. Carroll,* 132 Cal. 148, that the signature of the clerk was not necessary to the validity and effect of the protest. We approve the views there expressed.

The order in this case embraced the improvement of but one block, being the portion of Washington Street between Baker and Lyon streets, in the city of San Francisco. The appellant claims that the case comes within the exception in section 3 of the Vrooman Act, as amended, providing that "when not more than two blocks . . . remain . . . unimproved, in whole or in part, and a block or more on each side upon said street has been so . . . improved, or when not more than two blocks at the end of a street remain so . . . unimproved," the council may order any street-work done on the intervening blocks, or at the end of the street, and such work shall not be barred by such protest, unless the council deems proper, and therefore, appellant says, the council had jurisdiction to proceed with this work, notwithstanding the protest. The record shows that Washington Street had been recently paved with asphaltum from the western intersection of Baker Street eastwardly for several blocks, and that it had been macadamized ten years before from the same intersection westwardly for several blocks, including the block in question. It is certainly doubtful if this exception applies at all to a block which has been previously improved, and questionable if it applies to a case where the improvement previously made on each side of the block proposed to be improved is not substantially similar in character to the work proposed to be done upon the block to be improved. But, without deciding

these questions, we are of the opinion that it has no application to cases where a new improvement, and of a different character, already made on a part of a street, but not extending within two blocks of the end thereof, nor within two blocks of a similar improvement, is extended one block farther, and covering an improvement inferior in character and different in construction, which had been made years before, and much deteriorated by time and wear, as in this case. If it could be held to apply to such a case, the provisions for a protest could be entirely evaded, by first improving one block at one end of a street, and then improving each succeeding block by a series of proceedings covering but one block. This would be a perversion of the spirit and purpose of the exception, the object of which is to prevent the owners of property fronting on any two consecutive blocks of a longer street, which has been improved on each side of them, or up to them, in case they are at the end of a street, from obstructing the completion of the improvement of that portion of the street, as a whole, by the filing of objections to a similar improvement of the part of the street fronting their property.

There being no error in the record, the judgment is affirmed.

Van Dyke, J., McFarland, J., Lorigan, J., Angellotti, J., Henshaw, J., and Beatty, C. J., concurred.