[S. F. No. 2648. In Bank.—March 11, 1904.]

## HONORA SHARP, Respondent, v. HENRY P. BOWIE et al., Appellants.

ORDER DENYING NEW TRIAL—REVIEW UPON APPEAL.—Upon appeal from an order denying a new trial, the sufficiency of the pleadings to support the judgment or of the findings of fact to support the conclusions of law cannot be considered, and nothing can be considered that does not go to show that a re-examination of some issue of fact is necessary to protect the rights of the appellant.

[1] 71 Am. St. Rep. 42.

If every material issue of fact has been decided in favor of the appellant, a new trial cannot be awarded; and his only remedy in such case is by motion under section 663 of the Code of Civil Procedure, or by appeal from the judgment.

ID.—SPECIFIC PERFORMANCE—AGREEMENT TO DISMISS ACTION TO QUIET TITLE—FURTHER PROSECUTION—FINDINGS—ELECTION TO RESCIND. —In an action to enforce specific performance of a contract for the sale of land involved in the plaintiff's action to quiet title, which plaintiff agreed to quitclaim and dismiss for certain purchase money to be paid by the defendants, where the court found that plaintiff renewed the prosecution of the action after failure of defendants to pay the remainder of the purchase money, the argument that such renewed prosecution of the action amounted to an election to rescind the contract sued upon, which was inconsistent with the findings and judgment for plaintiff, cannot be considered upon appeal from an order denying a new trial to the defendant.

ID.—RENEWED PROSECUTION NOT A BREACH.—The renewed and continued prosecution of the action was not a breach of the plaintiff's contract, she not having agreed to suspend the prosecution of that action. It was not inconsistent with her ability to perform her contract, the only question arising upon this appeal, and whatever bearing it may have had upon the question of her repudiation of the contract, such question cannot be considered.

ID.—ADEQUACY OF CONSIDERATION—PLEADING AND EVIDENCE.—The objection that the complaint does not allege that the contract price sued upon was a fair and reasonable price for plaintiff's interest in the land cannot be considered upon appeal from the order denying a new trial; and in so far as the question of adequacy of consideration arises ·upon the evidence, it is sufficient that the evidence showed a sufficient consideration for the contract at the time it was made, notwithstanding the action to quiet title was finally determined against the plaintiff.

ID.—ABILITY TO PERFORM CONTRACT—CONVEYANCE TO THIRD PARTY— FINDING OUTSIDE OF ISSUES—PROBATIVE FACT—FINDINGS OF ULTIMATE FACTS.—Where the court found the ultimate facts alleged that plaintiff since the date of the contract has always been ready, willing, and able to perform all the conditions of the contract on her part to be performed, etc., a finding of a probative fact, outside of any issue, that plaintiff had conveyed her interest to a third party, cannot modify or control the finding of the ultimate facts.

ID.—CONVEYANCE IN PURSUANCE OF CONTRACT—PAYMENT NOT TO BE CONTESTED.—The conveyance to the third party was not wholly inconsistent with the plaintiff's ability to perform, and the findings as to such ability are not against the evidence where the evidence shows that such conveyance was in actual performance of plaintiff's contract to convey to defendants or their assigns. The fact that plaintiff received a payment from such third party, which it was agreed should not be applied upon the balance of the purchase

money due from the defendants, is a matter of no concern to the defendants, who had parted with all their interest in the property, yet remained liable on their contract with the plaintiff.

ID.—TENDER OF DEED BEFORE SUIT.—The failure of the complaint to allege, and of the court to find an actual tender of, a deed to the defendants before suit cannot be considered on this appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Harold Wheeler, Thomas B. Bishop, and Bishop, Wheeler & Hoefler, for Appellants.

The plaintiff could not enforce her contract of sale after proceeding to prosecute her suit and wiping out her claim to the land. (Pomeroy's Remedies, 2d ed., 565, 567; *Parke & Lacy Co.* v. *White River Lumber Co.*, 101 Cal. 37; *Holt Manufacturing Co.* v. *Ewing*, 109 Cal. 353, 356; *Ward* v. *Yorba*, 123 Cal. 447; *Savage* v. *Whitaker*, 15 Me. 24; *Westervelt* v. *Fuller*, 13 Daly, 352; *Perry* v. *Christy*, 19 Johns. 53.) The plaintiff must have made and kept good a tender of a deed before suit. (*Reddington* v. *Chase*, 34 Cal. 666; *Smith* v. *Taylor*, 82 Cal. 533; *Wakeham* v. *Barker*, 82 Cal. 46; *Englander* v. *Rogers*, 41 Cal. 420; *McCroskey* v. *Ladd*, 96 Cal. 455, 462; *Hellings* v. *Heydenfeldt*, 107 Cal. 586; Am. & Eng. Ency. of Law, "Tender," p. 922.) Specific performance cannot be enforced where the contract is not fair and just, and it would be inequitable to enforce it. (Civ. Code, sec. 3391; Waterman on Specific Performance, sec. 169; *Stiles* v. *Cain*, 134 Cal. 170; *Newman* v. *Freitas*, 129 Cal. 283; *Prince* v. *Lamb*, 128 Cal. 120; *Windsor* v. *Miner*, 124 Cal. 492; *Morrill* v. *Everson*, 77 Cal. 114; *Nicholson* v. *Tarpey*, 70 Cal. 608.)

Charles W. Slack, for Respondent.

The points urged by appellant cannot be considered on this appeal from an order denying a new trial. (*Martin* v. *Matfield*, 49 Cal. 45; *In re Doyle*, 73 Cal. 564, 575; *Bode* v. *Lee*, 102 Cal. 583, 586; *Evans* v. *Paige*, 102 Cal. 132; *Brison* v. *Brison*, 90 Cal. 323, 326; *Pierce* v. *Willis*, 103 Cal. 91, 93;

*Hall* v. *Susskind,* 120 Cal. 559, 565; *Petaluma Paving Co.* v. *Singley,* 136 Cal. 616, 618.) The compromise of a doubtful right is a good consideration for a contract. (*McClure* v. *McClure,* 100 Cal. 339, 342, 343; *Honeyman* v. *Jarmon,* 79 Ill. 318.) The question of adequacy relates to the time of the formation of the contract. (*Morrill* v. *Everson,* 77 Cal. 114, 116.)

BEATTY, C. J.—November 6, 1891, the defendants were sole owners of block 664, Outside Lands, San Francisco, and were desirous of selling it in subdivisions, but were hindered by the pendency of a suit theretofore instituted by the plaintiff to quiet her alleged title to an undivided half of the block. To obviate this difficulty they entered into a written contract with plaintiff by which they agreed to pay her one thousand dollars down and three thousand dollars more within the ensuing six months in consideration of her agreement to quitclaim her interest in the block as follows: She was to quitclaim and dismiss her action as to certain subdivisions upon receipt of the first thousand dollars, and thereafter she was to quitclaim to the defendants, or their assigns, and dismiss her action as to the remaining subdivisions, as they were sold from time to time and payments made on account of the remaining three thousand dollars, upon full payment of which sum she was to quitclaim and dismiss as to any remaining part of the whole. Upon the execution of this agreement the defendants made the cash payment provided for, and plaintiff quitclaimed and dismissed as to the designated subdivisions. Defendants also executed their note for three thousand dollars, payable in six months, with interest as provided in the contract. But thereafter the defendants failed to make the anticipated sales and found themselves unable to pay their note. Plaintiff repeatedly offered to perform her agreement on condition of payment, but they as often declared their inability to pay. Under these circumstances,—something like two thousand dollars remaining due upon the note,—the plaintiff in February, 1895, resumed the prosecution of her action to quiet title. In October of that year judgment was given against her. From this judgment she appealed, but it was finally affirmed in 1898. In the mean time, however,—on February 6, 1896,—defendants had conveyed the remainder

of the block to Scrivener, an agent of the London and San Francisco Bank, who afterwards conveyed to his principal, and the plaintiff had quitclaimed said remainder (March 24, 1896) to Eells, also an agent of the bank, who subsequently conveyed to his principal. Prior to her deed to Eells, the plaintiff, without ever having made a formal tender of any deed, had commenced this action to recover the unpaid portion of the three-thousand-dollar note of defendants, with interest. The cause was tried without a jury, and upon a very full finding of facts, including those above stated, the judgment of the superior court passed in favor of the plaintiff for the full amount of her claim.

No appeal has been taken from this judgment, but the defendants are prosecuting the present appeal from an order denying their motion for a new trial. In support of their appeal they have earnestly contended for certain legal propositions arising from the facts above stated, and in affirming the order of the superior court several of these propositions were discussed in the opinion delivered in Department. Upon the rehearing, which was granted after the decision in Department, the respondent has made the objection that none of the grounds upon which the defendants claim a reversal can be considered on this appeal. They claim, in other words, that the points which have been urged upon our attention could be considered only upon an appeal from the judgment. This objection, though made for the first time in the argument upon the rehearing, cannot be disregarded, for it raises a question of jurisdiction, and also it raises the question whether a new trial is what is needed to correct the errors of which the defendants complain.

To present this question fairly, we quote from the brief filed by appellants on rehearing the five propositions for which they contend:—

"1. That the renewal of the action of Sharp *v.* Loupe constituted an election to rescind the contract for the specific performance of which this action is brought, and that plaintiff thereby elected to pursue a remedy which is inconsistent with the relief now sought.

"2. That the sale by the plaintiff of her interest in block 664 to Eells has completely put it beyond the plaintiff's power to perform her covenant to convey to Bowie, and that as

Bowie's covenant to pay is dependent upon her covenant to convey, a covenant which she is not in a position to perform, she cannot compel payment.

"3. That specific performance of this contract cannot be decreed against Bowie, inasmuch as such a decree would not as to him be just and reasonable, and is prohibited by subdivision 2 of section 3391 of the Civil Code.

"4. That the complaint in this action is fatally defective as a complaint for specific performance of the contract, as it does not contain any allegation that the contract price, for the recovery of which this action is brought, was a fair and reasonable price for plaintiff's interest in the land.

"5. That the judgment in this action cannot be sustained on the theory that it is a judgment for damages, as the complaint in this action is fatally defective as a complaint for damages for breach of contract, and it does not proceed on this theory, but, on the contrary, seeks specific performance, and contains no *ad damnum* clause, and further no evidence of damage was introduced."

A new trial being a re-examination of an issue of fact will not be awarded in any case in which every material issue has been decided in favor of the losing party; for if he is not entitled to a judgment with every fact found in his favor, he has nothing to gain by a new trial of the same issues, and if upon the findings as made he is entitled to prevail, his only remedy is by appeal from any judgment rendered against him. In such a case a motion for a new trial is necessarily denied, and the order necessarily affirmed on appeal, for nothing can be considered on the appeal that does not go to show that a re-examination of some issue of fact is necessary for the protection of the rights of the appealing party. It may be safely stated that this is the effect of the numerous cases in which this court has had occasion to consider objections similar to that now urged by the respondent here. In the recent case of *Swift* v. *Occidental etc. Co.*, 141 Cal. 161, the question was somewhat fully considered, and many of the cases cited wherein it has been held, among other things, that the sufficiency of the pleadings to support the judgment, or the sufficiency of findings of fact to sustain the conclusions of law, cannot be considered on an appeal from an order denying a new trial.

It is very clear from what has been said that the fourth and
fifth propositions of appellants cannot be considered. This
appears from the terms in which they are stated. Whether
the remaining propositions can be considered depends upon
the proper construction of the findings of fact—general and
specific. The pleadings in the case are not verified, and the
answer consists of a general denial, followed by three special
defenses: 1. The statute of limitations; 2. Part payment; and
3. Failure of consideration. Under the last head the answer
contains allegations of a number of facts, and concludes with
the general allegation that by reason of the facts specifically
stated the consideration for the contract and note of Novem-
ber 6, 1891, has wholly failed. This last allegation is in form
and substance a mere conclusion of law deduced from the
facts specially alleged, and the issues which the statute raised
upon those allegations were the issues upon which the case
was tried. Upon each one of those issues the trial judge made
a special finding, and upon every issue material to the first
proposition of appellants his finding was in their favor. The
fact that the plaintiff renewed the prosecution of the action
to quiet her alleged title (Sharp *v.* Loupe) and the circum-
stances under which it was renewed are found specially as
alleged, and, therefore, if such renewed prosecution amounted
to a rescission of the contract sued upon, the conclusion that
the plaintiff was entitled to a judgment enforcing it is in
conflict with the findings, and the remedy is not a new trial
of an issue which has been correctly decided, but a motion
under section 663 of the Code of Civil Procedure, or an ap-
peal from the judgment. The third proposition of appellants
is based partly upon the failure of the plaintiff to allege, and
of the court to find, that there was a fair and adequate con-
sideration for the contract and note of November, 1891, and
partly upon the evidence. The failure of the court to make
a finding upon this matter is accounted for by the absence of
any such issue, and the deficiency of the complaint, if any,
cannot be considered on this appeal. As to the evidence, it
showed a good and sufficient consideration for the contract at
the time it was made. This disposes of every proposition ad-
vanced by appellants, except the second, which we proceed
to consider.

The fact and the circumstances of plaintiff's conveyance to

Eells are found by the court, but the finding does not respond to any issue made by the pleadings. It is, in other words, not a finding of an issue, but merely of a probative fact, involved in the issue covered by the following finding of the court:—

"That plaintiff has always since the date of the said agreement been ready, willing, and able to perform all the conditions of the said contract on her part to be performed, and has repeatedly before the commencement of this action offered to comply with the conditions of said contract on her part to be performed, and to make, execute, and deliver a good and sufficient deed of conveyance of her interest in the said property to the person designated by the said defendant."

It cannot be doubted that this finding is essential to support the judgment for plaintiff, and it follows that defendants are entitled to a new trial if it is in conflict with the evidence, unless it can be said that the finding that plaintiff, after commencing the action, conveyed her interest in block 664 to Eells is so inconsistent and so controlling in its operation as to have entitled defendants to a judgment on the findings, in which case, as we have shown, a new trial would be a vain and useless proceeding. But it has been held by this court that findings of probative facts will not, in general, control, limit, or modify the finding of the ultimate fact, and that although the finding of probative facts from which the ultimate fact conclusively follows is sufficient, yet when the ultimate (the issuable) fact is found no finding of probative facts which may tend to establish that the ultimate fact was found against the evidence can overcome the principal finding. In such case the only remedy of the party injured by the principal finding is to move for a new trial on the evidence. (See *Perry* v. *Quackenbush*, 105 Cal. 305, and cases cited.) This rule enables the appellants to be heard upon their second proposition, for the finding of the conveyance to Eells is not wholly inconsistent with the finding that plaintiff has always been ready, able, and willing to perform her part of the contract. It only tends to prove that she had disabled herself to perform her contract to convey, it does not establish the fact conclusively. Indeed, the respondent contends upon the evidence, and we think the evidence supports the contention, that so far from putting it out of her power to comply with that part of her agreement her conveyance to Eells was

.actual performance of everything left to be done on her part. Her contract was to convey to defendants or their assigns. They had granted the unsold portion of the block to Scrivener on February 6, 1896, and he had conveyed to the bank, which thus became the assignee of defendants, and thereby acquired whatever right remained in defendants to demand or receive a conveyance from plaintiff. Therefore, when she conveyed to Eells in March, 1896, by a deed reciting the contract between her and the defendants, and containing a stipulation binding Eells to fulfill her agreement to convey (the fact being that Eells was agent of the bank, and was taking the conveyance for the sole purpose of transferring the title to his principal), she did substantially and effectively perform that part of her contract.

The only answer to this proposition is, that although she did the very thing her agreement obliged her to do, she did not do it in pursuance of, or in compliance with, her agreement, but solely in consideration of the sum of one thousand dollars then paid her by the bank. It is true that she did receive this sum from the bank, but she exacted a stipulation that it should not be deemed a payment on account of the balance due from the defendants, for the recovery of which she had commenced this action.

We cannot see that the defendants are at all concerned with this feature of the transaction. Certainly they were not injured by it. They had parted with all their interest in the property, and presumably had got their price. They were liable on their contract with the plaintiff. The bank was under no obligation to protect them against that liability, and if under the circumstances it was willing to give to the plaintiff a thousand dollars to put an end to the uncertainty affecting its title, that was a matter in which she and the bank were alone concerned.

The renewed and continued prosecution of the action of Sharp *v.* Loupe was not a breach of plaintiff's contract. She had not agreed to suspend the prosecution of that action. There was of course no motive on her part—nothing to be gained—by its further prosecution so long as the contract remained in force, and therefore its renewal was very persuasive, perhaps conclusive, evidence of her intention to rescind, but the question of rescission, as we have seen, cannot

be considered on this appeal, and as to the ability of plaintiff to perform her contract,—the only question arising upon this record,—it is clear that the continued prosecution of that action did not disable her to perform, however strongly it may have indicated her intention to repudiate it.

The failure of plaintiff to allege, and of the court to find, an actual tender of a deed by her before commencing this action is a point which, for the reasons above stated, cannot be considered on this appeal.

The order of the superior court is affirmed.

Van Dyke, J., Shaw, J., Angellotti, J., and Lorigan, J., concurred.

Rehearing denied.