[Civ. No. 214.  First Appellate District.—August 15, 1906.]

# PACIFIC PAVING COMPANY, Appellant, v. J. C. DIGGINS et al., Respondents.

STREET IMPROVEMENT—PROTEST BY OWNERS—RESOLUTION ORDERING WORK, WITHOUT NEW RESOLUTION OF INTENTION—WANT OF JURISDICTION.—Where it appears that after the passage of an original resolution of intention to improve a street, the owners of the majority of the frontage on the proposed work made a sufficient written objection and protest thereto, upon which the clerk of the board indorsed the date of its reception by him, and more than six months thereafter, without first passing a new resolution of intention, the board ordered the work to be done, such order was without any jurisdiction.

ID.—FORECLOSURE OF ASSESSMENT—PLEADING—ISSUE AS TO JURISDICTION—RESOLUTION "DULY PASSED"—FINDINGS—ULTIMATE AND PROBATIVE FACTS—NEW TRIAL.—In an action to foreclose a street assessment, where issue was joined as to the due passage of the final resolution to do the work, the finding that it was "duly passed" was of the ultimate fact upon which plaintiff's recovery depended, and was a determination that the board had jurisdiction to pass it, notwithstanding a finding of probative facts set forth in the answer assailing the jurisdiction; and the defendant properly, by motion for a new trial, assailed the ultimate finding of fact, upon a statement of the evidence showing that the resolution was not duly passed, and that the board had no jurisdiction to pass it; and the court properly granted a new trial on that ground.

ID.—SUFFICIENCY OF ISSUE—TRIAL WITHOUT OBJECTION.—While the averment that an act has been "duly" performed is ordinarily a legal conclusion, yet, in the absence of a special demurrer or objection on that ground, it is sufficient to authorize evidence thereupon; and if the parties try the issue without objection, they cannot, after decision, contend that the issue was not before the court for decision, especially where the answer averring that it was not duly performed supplements the averment with probative facts in support thereof.

ID.—CONFLICT IN FINDINGS—ULTIMATE AND PROBATIVE FACTS—REMEDY.—Where there is a conflict between the finding of the ultimate issuable fact and the finding of probative facts, the former will ordinarily prevail; and no mere finding of probative facts which may tend to establish that the ultimate fact was against the evidence can overcome the ultimate fact found. In such case the only rem-

edy of the party injured is to move for a new trial upon the evidence.

ID.—DELAY IN PRESENTING MOTION FOR NEW TRIAL—MOTION TO DISMISS—DISCRETION.—A motion to dismiss the motion for a new trial on the ground of failure to prosecute the same with diligence by reason òf delay in presenting the motion is peculiarly addressed to the discretion of the court, which has personal knowledge of the manner in which it has been occupied during the delay complained of; and where no abuse of discretion in denying such motion affirmatively appears, the mere lapse of time is not a sufficient ground to overcome the presumption of the proper exercise by the court of its discretion.

APPEAL from orders of the Superior Court of the City and County of San Francisco, granting a new trial and refusing to dismiss the motion for new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Booth & Bartnett, and W. J. Bartnett, for Appellant.

Knight & Heggerty, and Wm. M. Madden, for Respondents.

HARRISON, P. J.—Action upon a street assessment in San Francisco. Judgment was rendered in favor of the plaintiff against the defendant Byron Diggins, and upon the motion of the said defendant the court granted a new trial. The present appeal is from this order.

The complaint is in the ordinary form except that there is no averment therein that the board of supervisors had passed a resolution of intention to order the improvement for which the assessment was made. In his answer thereto the defendant, for a separate and special defense to the action, alleged that the resolution ordering the work referred to in the complaint was not duly passed by the board of supervisors; that it was passed by the board November 29, 1897; that more than six months prior to said date the board passed a resolution of intention to order such work, but that within ten days after the expiration of the time of the posting and publication of the notice thereof the owners of a majority of the frontage of the property fronting on said proposed work made and delivered

4 Cal. App.—16

to the clerk of said board a written objection and protest thereto, upon which the clerk indorsed the date of its reception by him; that no further proceedings were had in relation to the doing of said work until November 29, 1897, when it passed the aforesaid resolution ordering the work; and that the board did not prior thereto or relative to said order pass a resolution of intention to order said work.

Upon the trial of the cause the court found that all the allegations of the complaint are true, and that the board of supervisors did duly pass each and every resolution mentioned therein. It also found the aforesaid facts specially set forth in the answer of the defendant to be as therein alleged; and held as a conclusion of law that the plaintiff was entitled to the relief asked by it.

One of the grounds for a new trial specified by the defendant in its notice of intention therefor is the insufficiency of the evidence to justify the decision; and in the statement of the case it is specified as one of the particulars of such insufficiency that, whereas it appeared from the evidence that by reason of the protest of the property owners against the resolution of intention passed November 23, 1896, the board of supervisors ceased to have any authority to order the work, and could not order the same unless they should, after the expiration of six months, pass another resolution of intention to do so, there was no evidence that any other resolution of intention had been passed by the board, and that the finding of the court that the resolution set forth in the complaint was "duly" passed was not justified by the evidence.

The issue of fact upon which the plaintiff's right of recovery depended was whether the board of supervisors had jurisdiction to pass the resolution ordering the work to be done. The allegation in the answer that this resolution was not duly passed which, under the provisions of section 462 of the Code of Civil Procedure, was deemed controverted by the plaintiff, presented this issue of fact to be determined by the court; and the finding of the court that it was "duly" passed was a determination that the board had jurisdiction to pass it.

While the averment that an act has been "duly" performed is ordinarily but a legal conclusion, yet in the absence of a special demurrer or objection on that ground, it will be held

sufficient to authorize the court to receive evidence upon the
issue; and if the parties proceed to trial without such objec-
tion and introduce evidence upon the issue they will not be
permitted after a decision thereon to contend that it was not
before the court for such decision (*Minor* v. *Baldridge,* 123
Cal. 187, [55 Pac. 783]), especially where, as in the present
case, the party making such averment supplements the same
in his answer with an averment of the probative facts upon
which he relies in support of his averment that the act was not
duly performed.   In such a case the general averment may
be held to be either the ultimate fact established by the pro-
bative facts, or as merely an equivalent for the legal conclu-
sion raised by the law upon the proof of such facts, and there-
fore disregarded as surplusage.   If there is any conflict be-
tween the ultimate fact that is found and the probative facts
which are also found, the former will ordinarily control; "and
although a finding of probative facts from which the ultimate
fact conclusively follows is sufficient in the absence of a find-
ing of such ultimate fact, yet, when the ultimate issuable
fact is found, no finding of probative facts which may tend to
establish that the ultimate fact was found against the evi-
dence can overcome the ultimate fact so found.   In such case
the only remedy of the party injured is to move for a new
trial on the evidence.   (See *Perry* v. *Quackenbush,* 105 Cal.
305, [38 Pac. 740], and cases cited.)"   (*Sharp* v. *Bowie,* 142
Cal. 462, [76 Pac. 62].)

Upon these principles the finding herein that the board of
supervisors did pass each and every resolution mentioned in
the complaint is to be regarded as the finding of a fact.   The
finding is a negation in identical language of the allegation in
the answer of the defendant.   "The only purpose of findings
is to answer the questions put by the pleadings; and if the
facts are stated in the findings in the same way that they are
stated in the pleadings they are sufficient."   (*Dam* v. *Zink,*
112 Cal. 91, [44 Pac. 331]; *McCarthy* v. *Brown,* 113 Cal. 15,
[45 Pac. 14]; see, also, *City Street Imp. Co.* v. *Babcock,* 139
Cal. 690, [73 Pac. 666]; *Rauer* v. *Bradbury,* 3 Cal. App. 256,
[84 Pac. 1008], filed March 16, 1906.)   Under the claim of the
defendant that the court erred in making such finding, he very
properly disregarded the probative facts found by the court,

and sought to correct the error through a motion for a new trial and a statement of the case, in which he set forth the evidence in reference thereto. From the evidence thus set forth the aforesaid allegations in his answer are fully sustained, and it clearly appears therefrom that the board of supervisors was without any jurisdiction to order the improvement, and that its resolution therefor was not duly passed. (*City Street Imp. Co.* v. *Babcock,* 123 Cal. 205, [55 Pac. 762] ; *City Street Imp. Co.* v. *Babcock,* 139 Cal. 690, [73 Pac. 666].) The court therefore very properly granted a new trial.

The statement of the case was settled by the court and filed May 15, 1903. On September 16, 1904, the plaintiff gave notice to the defendant of a motion to dismiss the latter's motion for a new trial, upon the ground that he had failed to prosecute the same with diligence; and in support of such motion presented an affidavit, setting forth the dates at which the several steps in the proceeding prior thereto had been taken. Upon the hearing of the motion the attention of the court was called to the manner and times at which, under its rules, the motion could have been heard, and to the periods of time since the filing of the statement during which the court was in vacation. No fact in support of the motion to dismiss, or tending to show that the motion for a new trial could have been heard by the court, other than an inference to be drawn from the time that had intervened since the filing of the statement, was presented to the court. Upon the submission of the motion it was denied, and the plaintiff has also appealed from this order.

A motion of this nature is eminently addressed to the discretion of the court, and unless it shall be made to affirmatively appear that there has been an abuse of discretion its ruling thereon will be affirmed. In addition to the matters to which the attention of the court was called the judge had personal knowledge of the extent and manner in which the time of the court had been occupied during this period, and from such knowledge and his consideration thereof could determine whether there had been any negligence in the prosecution of the motion. In the absence of any definite showing that the motion could have been presented or heard at some time during this period, it cannot be held that the mere lapse of time

is a sufficient ground to overcome the presumption of the proper exercise of its discretion by the court.

The orders appealed from are affirmed.

Hall, J., and Cooper, J., concurred.