[Civ. No. 1544.   Third Appellate District.—October 30, 1916.]

CITY STREET IMPROVEMENT COMPANY (a Corporation), Appellant, v. CHARLES E. LEE, as Mayor, etc., Respondent; NELLIE FURGERSON et al., Interveners and Respondents.

STREET LAW—SECOND IMPROVEMENT—EFFECT OF FILING OF OBJECTIONS —SANTA ROSA CHARTER.—Under the provisions of the charter of the city of Santa Rosa relating to the public streets thereof and their improvement (Stats. 1905, pp. 891 to 898, inclusive), where a street of that municipality, or any part thereof, has once been improved, and after such improvement has been made, proceedings are taken by the governing body of the municipality to again improve the street, timely written objections filed by the owners of the prescribed amount of the frontage of the property fronting on the line of the proposed improvement has the effect of barring further proceedings in relation to the proposed improvement for the period of six months.

APPEAL from a judgment of the Superior Court of Sonoma County.   Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

L. M. Hoefler, and George F. Snyder, for Appellant.

John T. Campbell, for Respondent Lee.

R. M. F. Soto, for Interveners and Respondents.

HART, J.—The petitioner, a corporation, filed a petition in the court below for a writ of mandate to force the mayor of the city of Santa Rosa, a municipal corporation, to enter into a contract with the said petitioner for doing certain street work on Santa Rosa Avenue, in said city.

The respondent, mayor, answered the petition, and certain property owners, whose property abuts upon said street and which would, as a consequence, be assessed for the improvement which had been proposed to be made on said avenue, providing the proceedings were legal and valid, filed a complaint in intervention. The court, upon the trial of the issues made by the answer and the complaint in intervention, rendered and entered a judgment dismissing the writ.

The petitioner brings the case to this court on an appeal from said judgment.

On the twenty-first day of September, 1915, the council of the city of Santa Rosa, proceeding in accordance with the provisions of the charter of said city relating to the public streets thereof and their improvement (Stats. 1905, pp. 891 to 898, inclusive), passed a resolution of intention to order the improvement of Santa Rosa Avenue, a public street in the said city, from the south side of the bridge over Santa Rosa Creek, southerly to the south city limits, where not already paved and improved, by grading the roadway thereof and constructing thereon an asphaltic pavement of a character fully and clearly described in said resolution. The said resolution of intention and notices of the passage of the same were duly and regularly posted, as required by section 72 of the charter.

On the ninth day of October, 1915, and within twenty days from the first day of the posting of said notices, the owners of more than two-thirds of the frontage of the property fronting on said proposed work, which embraced portions only of said avenue not already improved, filed written objections to the said proposed work. The complaint, in this connection, alleges: "That not more than two blocks of the said Santa Rosa Avenue, including street crossings, remained ungraded to the official grade and unimproved; that a block or more on both sides of the unimproved portions of said Santa Rosa Avenue was, at all times herein mentioned, and now is, improved with the same character of improvements specified in the said Resolution of Intention."

Thereafter, and within due time, and after the posting of notice as required calling for the same, sealed proposals or bids for doing the work according to the plans, specifications, and estimates previously made and filed by the city engineer and which were approved and adopted by the council, were

received and the council on the twenty-seventh day of October, 1915, opened and examined and publicly declared said proposals, and rejected all said proposals or bids except that of the petitioner herein, who was then by said council declared to be the lowest responsible bidder for the doing of said proposed work and awarded to it the contract.

Thereafter, and within three days after the expiration of the five days within which the owners of a majority of the frontage of the property upon the line of the proposed work might themselves have taken the work at the same price or bid at which the contract was awarded to the petitioner, the latter signed and presented to the respondent, mayor, for his signature, a form of written contract for the performance of said work and improvements at the prices specified in its said bid, said form of contract providing in detail that the petitioner would do all the work according to the specifications adopted for that purpose. With the said form of contract, the petitioner presented to the mayor a bond duly executed by it, and sufficient in all respects, conditioned for the faithful performance of the said contract. The said mayor, without specifying or suggesting any objections to the form of the contract presented to him by the petitioner, or to the bond offered at the same time, refused to execute said contract or any contract for the doing of said work.

The respondent, mayor, answered the complaint, admitting all the allegations thereof, but alleged, in the nature of a special plea in bar, that in the year 1888, by due proceedings had by the city council of said city of Santa Rosa in pursuance of the provisions of the then existing charter of said city, Santa Rosa Avenue was regularly ordered to be improved in accordance with certain plans and specifications adopted by said council for that purpose; that said avenue was, in said year, improved as so ordered after proceedings regularly had for the letting of the contract to do said work; that, in due course, the street commissioner reported to the council that the work and improvement had been completed, and that the council thereupon accepted the street as so improved; that, on the sixth day of July, 1893, the city council of said city, acting in pursuance of the provisions of section 20 of the general street law of 1885, known as the "Vrooman Street Law" (Stats. 1885, p. 160), passed an ordinance, numbered 150, accepting, as improved in the year 1888, as above indi-

cated, Santa Rosa Avenue, from the south bank of the Santa Rosa Creek southerly to the city line.

The complaint in intervention also pleads said ordinance No. 150, and further points out a number of objections to the proceedings leading to the ordering of the work to be done on the portions of Santa Rosa Avenue described in the resolution of intention adopted by the council on the twenty-first day of September, 1915, and, finally, to the awarding of the contract to do the work described in said resolution to the petitioner.

We do not conceive it to be necessary to consider all the points urged by the respondents against the validity of the proceedings leading to the awarding of the contract by the council to the petitioner. We think the judgment should be sustained for the reason that, in our opinion, the council never acquired jurisdiction to order the work proposed to be done, and this proposition will now be considered.

According to the complaint, the resolution of intention described the work or improvement proposed to be done or made substantially as follows: "To improve Santa Rosa Avenue, a public street in the City of Santa Rosa, Sonoma County, California, from the south side of the bridge over Santa Rosa Creek, southerly to the south City limits, where not already paved and improved, by grading the roadway thereof and constructing thereon an asphaltic pavement consisting of three (3) inches of asphaltic concrete foundation covered with an asphaltic concrete wearing surface two (2) inches in thickness, the finished surface of which shall be to official grade."

The court made the following finding: "That on the eleventh day of May, 1888, the Council of said City of Santa Rosa, by an order in due form, did order that Santa Rosa Avenue should be graded and graveled, with common gravel, to the established grade, under plans and specifications therefor to be adopted and furnished by the City Engineer of said City, and further ordered the sidewalks to be graveled, with common gravel, to the official grade and curbing for sidewalks to be placed; that thereafter a contract was duly let for the doing of said work and the said Santa Rosa Avenue, from the south side of the bridge to the southerly City limit, was graveled with common gravel, curbs for sidewalks were laid and the sidewalks were graveled, with common gravel, all to

the official grade, as required by ordinance, and said street work was thereafter accepted by said City of Santa Rosa as herein set out; that thereafter an assessment was made in due form of law against the owners of property fronting on the line of said work for the costs, and expenses of said work, and the contractor collected from the owners of the property the several amounts against them, as shown in said assessment.''

The appeal here is upon the judgment-roll alone. Therefore, notwithstanding that there is neither by the defendant nor the interveners a denial of the allegations of the complaint ''that not more than two blocks of the said Santa Rosa Avenue, including street crossings, remained ungraded and unimproved,'' from which allegation it is to be implied that there were two blocks on said street ungraded and unimproved, it must be presumed that there was evidence which justified the above finding, and that Santa Rosa Avenue was in the said year 1888 improved under due proceedings by the city council in the manner described by said finding from the south side of the bridge southerly to the south limits, which embraced the two blocks designated or specified in the resolution of intention of September 21, 1915.

Section 72 of the charter of the city of Santa Rosa provides (among other things) that the filing of written objections to the proposed improvement of one block or more of a street by the owners of two-thirds of the frontage of the property fronting on the proposed work within twenty days from the first day of the posting of notice of the resolution of intention to order such improvement will operate, *ipso facto,* to bar further proceedings in relation to the doing of said work for a period of six months. The said section then proceeds: ''When not more than two blocks, including street crossings or intersections, remain ungraded to the official grade, or otherwise unimproved, in whole or in part, and a block or more on one or both sides upon said street has been so graded or otherwise improved, said Council may order such work or improvement mentioned to be done upon said ungraded or unimproved part of said street notwithstanding such objections, and said work shall not be stayed or prevented by any written objections, unless the Council shall deem the same proper.''

Counsel for the petitioner contend that the case here comes within the exception thus made by said section 72 with reference to the effect of written objections by the property owners upon the power of the council to order the work to be done. This position is doubtless founded on the allegation of the complaint, and expressly admitted by the answer of the mayor and not denied in the complaint of the interveners, that ''a block or more on both sides of the unimproved portions of said Santa Rosa Avenue was at all times herein mentioned, and now is, improved with the same character of improvements specified in said Resolution of Intention,'' etc.

We cannot agree to the contention. As we have shown, it must be accepted as an established fact in this case that at least that portion of Santa Rosa Avenue embraced within the resolution of intention had once been improved after proceedings regularly had by the city council under the then existing law empowering the municipality of Santa Rosa to coerce the improvement of its streets at the expense of the property owners; and our judgment is that where a street or any part thereof has once been improved under a law containing provisions similar to those of section 72 of the charter in question, and after such improvement has been made, proceedings are taken by the governing body of a municipality again to improve said street, timely written objections filed by the owners of the prescribed amount of the frontage of the property fronting on the line of the proposed improvement will have the effect of barring further proceedings in relation to the proposed improvement for the period of six months. In other words, we think that in such a case the provision of section 72 of the charter first above referred to applies. That provision is fashioned after or the same as the provision upon that subject in the Vrooman Act. We think it is not reasonable to suppose that, a street having been once improved at the expense of the property owners and to their satisfaction, the legislature, or, in this case, the framers of the charter or the people who ratified and so made it the organic law of the municipality, intended that the governing body of the latter should be vested with an unhampered or a discretionary power of again ordering such street to be improved at the expense of the property owners in the face of a protest regularly filed by the latter against the proposed improvement. The provision that further proceed-

ings shall be barred for six months upon the due filing of written objections by the property owners was doubtless inspired to some extent by the consideration that owners of property subject to taxation for street improvements might not be prepared at the particular time at which streets were called up for improvement to meet or discharge the burden thus to be imposed upon them, and that a postponement of the work for the period designated might be sufficient to enable them to do so; or, it may be, that the framers of the act, in incorporating that provision into the law, conceived that the judgment of the property owners as to the necessity of the improvement at the particular time should be deferred to; but whatever might be the underlying motive for the provision, whether one or the other of the two above suggested or both combined, there can be no less reason or propriety for applying the provision to the case where, as here, the street has once been improved under the direction of the municipal authorities and it is proposed to again improve it, than to the case where a street has been called up for the first time for improvement. Indeed, we think there is a much stronger reason for applying the provision to the situation presented here, since the proceedings involved here, if consummated, will result in taxing the property owners the second time for the improvement of said street.

We have found no direct authority which supports the above views and the conclusion declared. But there is in the case of *City Street Imp. Co.* v. *Babcock*, 139 Cal. 690, 693, [73 Pac. 666], an expression, which involves, however, a mere dictum, the question not being directly before the court, that would seem to indicate that the supreme court leaned to the conclusion to which we have been led. Speaking of that part of section 3 of the Vrooman Act which, like the latter part of section 72 of the charter involved here, makes an exception, where similar conditions exist, to the rule that written objections duly filed by property owners will bar further proceedings in relation to the proposed improvement of a street, the supreme court in that case said, although expressly disclaiming any intention to decide the question therein: "It is certainly doubtful if this exception applies at all to a block which has been previously improved."

The position above taken cannot be affected by a consideration of the fact, which is alleged in the complaint and nowhere

denied, thus imparting to it the dignity of a finding, that at some time since the year 1888, not definitely stated or disclosed, a block or more on both sides of the blocks proposed to be improved had been improved by the construction thereon of asphaltic pavement, etc., and that the blocks proposed to be improved are to be in like manner and character improved. To repeat, what we believe to be the true meaning or intent of section 72 of the charter, so far as it relates to the effect of the due filing of written objections to work proposed to be done, is that where a street or any part thereof has once been improved under the law authorizing such improvement, and thereafter it is sought again to improve it under the same authority, the proceedings looking to the second improvement must be regarded and treated as the same in all essential particulars as those necessary for the improvement of a street in the first instance or where a street or no part thereof has ever theretofore been improved, notwithstanding that at some time subsequent to the first or original improvement other parts of said street had been again improved.

Our conclusion, as stated in the outset, is that, since the property owners on the parts of Santa Rosa Avenue proposed to be improved by the resolution of intention of September 21, 1915, in due time filed sufficient objections to the proposed improvements, the council was wholly without authority or jurisdiction to order the work to be done, and, consequently, its action in awarding the contract to the petitioner to do the work was absolutely void.

The judgment appealed from is, accordingly, affirmed.

Chipman, P. J., and Burnett, J., concurred.