[Civ. No. 6615. First Appellate District, Division Two.—April 17, 1929.]

WALL ESTATE CO. (a Corporation), Appellant, v. CHAMBERLIN METAL WEATHER STRIP CO. (a Corporation), Respondent.

346

Gillogley, Crofton & Payne for Appellant.

Hugh F. Keon, Jr., for Respondent.

KOFORD, P. J.—Plaintiff commenced this action for $1,565.42 damages for breach of contract. The court awarded it only $683.32. Plaintiff appeals upon the judgment-roll alone, claiming that the findings are such that the full amount of damages should be awarded by the judgment.

The findings show the following facts: Defendant agreed to waterproof two walls of plaintiff's apartment house for $230 and to calk between the window frames and the masonry for $155, and promised that the work would be done in such a proper and workmanlike manner as to prevent water from leaking through the walls. Defendant finished the work and received the agreed payment, but did not perform the work well, and, as a result, water leaked through the walls and damaged the interior decoration of the apartment house. The court found all of the allegations of the complaint to be true except paragraph IX. That paragraph read: "That by reason of the foregoing facts plaintiff has sustained damages in the sum of $1,565.42." The court

found with respect to this allegation that plaintiff sustained damages in the sum of $683.32 only.

Paragraph VII of the complaint claimed the items of $125 and $148.32 for damages to the interior of the building and paragraph VIII of the complaint declared upon the balance of the damages claimed by the plaintiff. It is assumed by plaintiff and appellant that the items in paragraph VII were allowed, but that, owing to an error of the court in determining the proper measure of damages, only a part of the claim set forth in paragraph VIII was allowed. That paragraph reads as follows: "That thereafter plaintiff was compelled to employ other mechanics to perform the work which the said defendant agreed to perform according to its contract hereinbefore referred to, and that said mechanics were obliged to remove the defective material placed on said walls by said defendant. That plaintiff paid to said mechanics the sum of $1,292.10 for removing the said inferior material used by defendant, and for performing and completing in a workmanlike manner the said work which the defendant agreed to do and perform by its said contract hereinbefore referred to."

It will be seen that while this paragraph alleges that plaintiff was *compelled* to employ mechanics to perform work, it is not alleged that plaintiff was *compelled* to pay said mechanics the sum of $1,292.10 for the work, but only that plaintiff did in fact pay that amount. There is no finding, therefore, to the effect that all of said sum was necessary or reasonable for the purpose alleged. For this reason the court was not obliged, by finding paragraph VIII true, to conclude or find, in response to paragraph IX of the complaint, that the plaintiff had sustained damage in the full amount paid to the said mechanics. Subtracting the two items of interior damage alleged in allegation VII from the $683.32 allowed by the court it would appear that $410 was allowed by the court in response to the allegation in paragraph VIII "That plaintiff paid to said mechanics the sum of $1,292.10, etc." Presumably the court allowed as much as was reasonable under the evidence. The evidence not being before us, we assume that this decision was in accord with the testimony, and hence the findings are not inconsistent with the judgment.

After oral argument appellant filed a closing brief urging two new points attacking finding No. II, which reads: "That with respect to the allegations of allegation IX of said complaint, the court finds and concludes from the foregoing facts that the plaintiff sustained damages in the sum of $683.32."

It is claimed that this is only a conclusion of law; that if it is a finding of fact it is an ultimate fact assuming to summarize probative facts previously found upon; that, therefore, in either case the said finding No. II must be ignored in favor of the preceding probative facts. These contentions, considered as an abstract point of law, have considerable merit. It is evident that appellant feels that if that finding or conclusion is ignored, then all the damages claimed in paragraph VIII of the complaint would go into the judgment by force of the findings which declare said paragraph VIII true. But as we have pointed out, the allegations of that paragraph of the complaint are too deficient to have that effect.

The allegations of paragraph VIII being insufficient to state a proper case for damage to the extent of any part of the $1,292.10 paid to mechanics it follows that the findings which declare paragraph VIII true are for the same reason insufficient in the same respect. Now, if finding No. II be such a conclusion of law or such a finding of ultimate fact as must be totally disregarded, then the real conclusion of law which appears later in the court's decision and which states that plaintiff is entitled to judgment for $683.32 damages for breach of contract would not be supported by any finding of fact on the question of damages except that which finds true the two items of paragraph VII. This would necessarily have the effect of cutting down the judgment by the sum of $410, the amount which the court evidently allowed under allegation VIII. In other words, if appellant's attack upon the court's finding of $683.32 damages be sustained, the fact that the findings found allegation No. VIII of the complaint to be true would not result in an increase in the amount of the judgment. If the defendant had appealed and urged this point it might result in a reduction of the judgment or a new trial, but he has not appealed. The evidence is not before us and we are not in a position to determine that a new trial would be just.

Without considering the evidence, we cannot say that the court should have found whether the full sum of $1,292.10 was reasonable and necessary. The legal points presented upon this appeal do not require a new trial. No error has been pointed out harmful to the appellant.

The judgment is, therefore, affirmed.

Sturtevant, J., and Nourse, J., concurred.