[Civ. No. 6822.   Third Dist.   May 25, 1943.]

HENRI J. QUETIN, Respondent, v. W. P. CAUBU, Appellant.

Thomas T. Califro for Appellant.

Jay Monroe Latimer for Respondent.

PEEK, J.—The defendant and cross-complainant W. P. Caubu seeks modification of a portion of a judgment in his favor and against the plaintiff and cross-defendant Henri J. Quetin. The appellant specifically asserts that this appeal is limited solely to the judgment roll (therefore no evidence introduced at the trial is before us), that the judgment is not sustained by the findings in that the conclusions of law are not sustained by nor do they conform to the findings. No complaint is made of the issues of fact.

The action to quiet title was commenced by plaintiff A. W. Pioda as the alleged owner of certain mining lands situated in Calaveras County. One of the defendants, Joseph Fassler, answered, denying the ownership of Pioda, and by his cross-complaint claimed ownership in himself, alleging that the claim of plaintiff was based solely on void tax certificates and deeds previously issued by the tax collector of said county on March 28, 1933, for nonpayment of taxes levied in the year 1923. Fassler also proffered payment of whatever sums the court found to be due plaintiff under the tax deeds so purchased, and prayed to have such deeds declared void, the clouds removed, and for general relief. The plaintiff failed to answer said cross-complaint, and his default was duly entered. The cause was tried and submitted.

Following the submission, the motion of Fred R. Drinkhouse as trustee of the bankrupt estate of Joseph Fassler, to be substituted in the place and stead of Joseph Fassler, was granted, and the cause was reopened for the purpose of taking additional evidence. In the interim between trials, W. P. Caubu, who had purchased all of the right, title and interest of the bankrupt estate of Joseph Fassler, was, upon waiver of notice by all parties, ordered substituted as defendant and cross-complainant in place of the said defendant and cross-complainant Drinkhouse; and by an ex parte order Henri J. Quetin was substituted as plaintiff and cross-defendant in place and stead of the said A. W. Pioda. Upon leave of court an amended and supplemental answer and cross-complaint was filed by the said W. P. Caubu. Neither A. W. Pioda nor Henri J. Quetin answered, and their defaults were duly entered. The cause then regularly came on for rehearing and was duly submitted.

Thereafter the trial court filed what is designated as "Findings and Judgment" although all of the parties had previously executed and filed with the court a written stipulation wherein they specifically waived findings and notice of entry of judgment. In said judgment rendered in favor of appellant and against all other parties to the action, the court awarded appellant judgment against plaintiff and cross-defendant Henri J. Quetin, conditioned, however, that Caubu reimburse plaintiffs and cross-defendants Pioda and Quetin for the expenses incurred in their attempt to secure title to the property.

Appellant now presents to this court certain objections predicated upon what he prefers to consider as proper findings of fact and conclusions of law as set forth in the document previously filed by the court, and requests modification of a portion of the judgment. In particular he assails the amount of the award made to him, contending that he is entitled to the total sum of $70,292.11, which apparently was found by the trial court to be the gross recovery made by plaintiffs and cross-defendants from their operation of the mine. The judgment as entered by the court was in the much lesser sum of $4,915.37.

In support of his contention appellant quotes from the case of *Clayton* v. *Schultz*, 4 Cal.2d 425 [50 P.2d 446]. The dic-

tum contained in the quotation taken therefrom correctly states the law but is of no assistance in determining the precise question presented on appeal to this' court. Likewise we have no quarrel with the principles propounded in the other cases cited by appellant (*Archer* v. *Harvey,* 164 Cal. 274 [128 P. 410]; *Kaiser* v. *Dalto,* 140 Cal. 167 [73 P. 828]; *Swift* v. *Occidental Mining & Petroleum Co.,* 141 Cal. 161 [74 P. 700], and *Sharp* v. *Bowie,* 142 Cal. 462 [76 P. 62]), but we do not feel that certain generalities enunciated in these decisions, passing upon facts wholly dissimilar to those herein involved, dispose of the question presented on this appeal. The four cases previously cited are the only ones to which our attention has been directed by the appellant. The respondents have failed entirely to file a reply brief.

It would appear that appellant's contentions are not sound for two reasons. First, by virtue of his specific waiver of notice of entry of judgment, he definitely precluded himself from taking advantage of the provisions contained in the Code of Civil Procedure relative to the correction of findings of fact and conclusions of law. Even had he properly moved for a new trial after notice and entry of judgment he would still have been in a position to pursue his appeal. Therefore, having so estopped himself he cannot now complain of what he contends to be erroneous findings of fact and conclusions of law. The title of the document filed by the trial court is of no particular import. In view of the waiver of findings by both parties it is nothing more than a memorandum and judgment and we are constrained to so construe it.

■ Under the broad powers conferred upon the court by section 662 of the Code of Civil Procedure, the trial court was empowered, in ruling upon a motion for a new trial, if it deemed itself mistaken as to its previous view of the evidence or in the application thereto of the law, to set aside what it termed its findings and the judgment predicated thereon. (*Clarke* v. *Fiedler,* 44 Cal.App.2d 838, 848 [113 P.2d 275].) This was not done and all that is now presented to us for review is an appeal upon the judgment roll alone, wherein no claim is or can be made of the sufficiency of the evidence, and therefore evidence sufficient to support the ultimate conclusion of the court must be assumed. ■ Appellant cannot on the one hand waive the code sections specifi-

cally enacted for such situations, and on the other, object to that which, if his contentions were upheld, would amount to the acceptance of particular benefits previously waived. Furthermore, had not appellant waived his right to demand findings, then any uncertainty or inconsistency therein could have been objected to or amendments proposed to such findings at the time of service. But such is not the case. He waived his right to object in the trial court, hence he cannot, on appeal, raise such questions for the first time. (*Sweet* v. *Hamilothoris,* 84 Cal.App. 775, 782 [258 P. 652].)

As to the second point, even if the said document is to be considered as findings of fact and conclusions of law there is still ample law to sustain the decision of the court. Assuming that the appellant's waiver was of no effect and that the document filed by the trial court should properly be considered as its findings of fact and conclusions of law, yet, nevertheless, there is ample law to sustain the decision of the court. Findings will be liberally construed so as to support the judgment, and all proper inferences will be indulged in in order to uphold the decision. This rule is well established by innumerable authorities (2 Cal.Jur. 871-873), subject, however, to the restriction that facts cannot be inferred which would contradict the facts as found by the trial court.

The court did not find that plaintiffs owed defendant $70,292.11, but rather that such sum was the total amount of the rents and issues collected by them. In support of the judgment we feel not only that we are entitled, but that it is the duty of this court, to assume that the sum found by the trial court to have been collected by the plaintiffs represents the gross receipts from the operation of the mine. And since no evidence is before us, the judgment, which was for only $4,915.37, indicates that sufficient evidence was introduced at the trial showing that cross-defendants were entitled to certain offsets in the nature of necessary expenditures in the operation of the mine or disbursements for taxes, assessments, maintenance or improvements of the property, which offsets properly reduced the amount to which appellant was entitled and for which he was given judgment. (*Combs* v. *Eberhard,* 120 Cal.App. 25 [7 P.2d 338].)

The instant case presents a situation similar to that found

in *Wall Estate Co.* v. *Chamberlin Metal Weather Strip Co.,* 98 Cal.App. 345 [276 P. 1059], wherein there appeared what were termed inconsistencies in the findings and the judgment. The reviewing court in answer to a like contention stated that "presumably the court allowed as much as was reasonable under the evidence."

In the absence of a direct expression as to presumable credits we believe this conclusion is also warranted by the language in *Niles Sand & Rock Co.* v. *Muir,* 50 Cal.App. 637 [195 P. 699], although there the opposite result was reached since there was a specific finding as to the amount of the offset. The action was one to recover on a contract of purchase of materials. The court found that the plaintiff delivered a particular amount at an agreed price but apparently through miscalculation found that a larger sum was agreed to be paid therefor, upon which certain payments had been made, and awarded the balance. On appeal the judgment was modified by reducing it by the amount representing the overcharge which was inadvertently allowed, the court saying:

"It cannot be presumed, in the face of the court's finding that $87,920.63 had been paid, that any part of that sum represented a credit of some kind, the nature of which is unexplained."

In the alternative we might assume that since the judgment for damages in the present case is against the plaintiff Henri J. Quetin alone, the court found that he was the recipient of only $4,915.37 of the $70,292.11 collected by plaintiffs and cross-defendants.

The measure of damages in an action for trespass on a mining claim, in the absence of oppression, fraud or malice, is the amount which will compensate for all the detriment proximately caused by the trespass. Accordingly, where one invades another's mine as the result of inadvertence or an honest mistake, the measure of damages therefor is the value of mineral extracted, less the cost of mining and milling. (17 Cal.Jur. 540; *Dolch* v. *Ramsey,* 57 Cal.App.2d 99 [134 P.2d 19].)

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.