[S. F. No. 2061.    Department One.—May 16, 1902.]

## PACIFIC PAVING COMPANY, Appellant, v. JEREMIAH GEARY, and THE GERMAN SAVINGS AND LOAN SOCIETY, Respondents.

STREET IMPROVEMENT—PROTEST AND OBJECTION—LOSS OF JURISDICTION. —The effect of the filing of a protest and objection against a proposed street improvement by the owners of the majority of the frontage is not merely to suspend but to end the jurisdiction of the board, which cannot again be exercised without the passage and publication of a new resolution of intention to order the work.

ID.—QUESTION OF OWNERSHIP—DETERMINATION OF BOARD.—The question whether the protest and objection was signed by a majority of the frontage is for the board to determine; and unless the objection is disallowed, it deprives the court of jurisdiction to proceed.

ID.—UNAUTHORIZED WORK—VOID ASSESSMENT.—Work done after the loss of jurisdiction by the board, without a new resolution of intention, was without authority of law, and an assessment therefor is void, and creates no liability.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Gunnison, Booth & Bartnett, for Appellant.

James F. Tevlin, and W. S. Goodfellow, for Respondents.

HAYNES, C.—Action to recover an assessment for a street improvement.   Defendants had judgment, and plaintiff appeals therefrom and from an order denying a new trial.

The proceedings for the work in question were taken under the Street Improvement Act, as amended in 1891, (Stats. 1891, sec. 3, p. 196,) and the written objection to the work there provided for, respondents contend, was duly taken.

The effect of the filing of such protest and objection by the owners of a majority of the frontage is fully considered and stated in *City Street Improvement Co.* v. *Babcock,* 123 Cal.

205, where it is distinctly held that the filing of such protest and objection not only suspends the jurisdiction of the board for six months, but that their jurisdiction to proceed with the work is ended, and cannot be again exercised without the passage and publication of a new resolution of intention to order the work; and in this conclusion we fully agree.

Appellant contends, however, that there was no direct evidence to show that the persons purporting to be signers of said protest were in fact such owners, and that the court erred in finding that one of the protests was so signed. Whether such objection was signed by a *majority* of the *owners* of the frontage was a question for the board to determine. In said section 3, at page 198, said act provides: " At the expiration of the time of said publication by said street superintendent, and at the expiration of twenty-five days after the advertising and posting, as aforesaid, of any resolution of intention, if no written objection to the work therein described has been delivered, as aforesaid, by the owners of a major frontage of the property fronting on said proposed work or improvement, or if any written objection purporting to be signed by the owners of a major frontage is disallowed by said council, as not of itself barring said work for six months, because, in its judgment, said objection has not been legally signed by the owners of a majority of said frontage, the city council shall be deemed to have acquired jurisdiction to order any of the work to be done or improvement to be made, which is authorized by this act."

It will thus be seen that a written objection to the work "purporting to be signed by the owners" of a major portion of the frontage, delivered to the clerk within the time limited, is an absolute bar to the work, unless the objection be disallowed by the council "because, in its judgment, said objection has not been legally signed by the owners of a majority of said frontage." No such action having been taken by the council, the court properly overruled plaintiff's objection to the introduction of the said protests in evidence; and the effect of the filing of such protest, in the absence of adverse action thereon by the council, as provided in the statute, being to deprive the council of jurisdiction to do the work, the work done was without authority of law, and created no liability

against the defendants. No other question, therefore, need be considered, and the judgment and order appealed from should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Garoutte, J., McFarland, J.