[S. F. No. 2475.    Department One.—September 12, 1902.]

## PACIFIC PAVING COMPANY, Appellant, v. SULLIVAN ESTATE COMPANY, Respondent.

STREET-WORK—OBJECTION ALLOWED BY BOARD—LOSS OF JURISDICTION. —Where the objection to proposed street-work by the owners of the majority of the frontage is allowed by the board, such allowance not only suspends further proceedings for six months, but also deprives the board of jurisdiction, after its expiration, to order the work to be done without a new resolution of intention.

ID.—UNIMPROVED BLOCKS BETWEEN IMPROVED PARTS OF STREET.—The provision of section 3 of the Street Improvement Act, that where not more than two blocks remain unimproved between improved portions of a street, etc., the work on the intervening part "shall not be stayed or prevented by any written or other objection, *unless such council shall deem proper,*" has the same effect, where an objection is allowed by the board, as in other cases, to divest the board of jurisdiction to proceed further without a new resolution of intention.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

Gunnison, Booth & Bartnett, for Appellant.

Frank J. Sullivan, for Respondent.

SMITH, C.—This is an appeal from a judgment in favor of the defendant in a suit to enforce a street-assessment lien. The case as shown by the findings is as follows:—

The resolution of intention initiating the assessment proceedings in question was duly passed by the Board of Supervisors of San Francisco, April 8, 1895,—the work proposed being the improvement of Webster Street, between Oak and Page streets, in that city, a distance of one block only, the street to the north and south being already improved. Within due time a written objection to the proposed work was made by the owners of a majority of the frontage on the proposed work, and was allowed by the board; and this, it is in effect alleged and found, operated as a bar for six months to any further proceedings. After the expiration of the six months, the board, without other resolution of intention, ordered the work to be done.

On these facts, it is claimed on behalf of the respondent, that upon the filing of the protest of the property-owners, the board was divested of jurisdiction to proceed further without a new resolution of intention; and this contention is fully sustained by the decisions of this court. (*City Street Improvement Co.* v. *Babcock,* 123 Cal. 205, since affirmed in *Union Paving Co.* v. *McGovern,* 127 Cal. 639; *Pacific Paving Co.* v. *Reynolds,* 62 Pac. Rep. (Cal.) 212, and *Thomason* v. *Carroll,* 132 Cal. 149.) Nor, as claimed by the appellant, does the case here present an exception to the rule established in the cases cited. It is indeed true, or rather it may be true, that the case comes within the provision of section 3 of the Street Improvement Act, to the effect that where not more than two blocks remain unimproved between improved portions of a street, etc., the work on the intervening part "shall not be stayed or prevented by any written or other objection, *unless such council shall deem proper.*" But the effect of this provision seems to be, that if the objection be allowed by the board its effect will be the same as in other cases,—that is, it will have the effect not only to stay the work, but to divest the board of jurisdiction to proceed further without a new

resolution of intention; and accordingly it was so held in *Thomason* v. *Carroll, supra.*

We therefore advise, on the authority of that case, that the judgment appealed from be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.