HAWLEY, APPELLANT, v. CITY OF BUTTE, RESPONDENT.

(No. 3,986.)

(Submitted March 16, 1917.   Decided March 29, 1917.)

[164 Pac. 305.]

*Cities and Towns—Special Improvement Districts—Protests—
Right to Withdraw.*

> 1.  A property owner in a city who has signed a protest against the
> creation of a special improvement district may, within the time allowed
> for presenting such protest, withdraw therefrom and thus defeat the
> protest.
> [As to remedies of taxpayers for illegal corporate acts, see note in
> 2 Am. St. Rep. 92.]

*Appeal from District Court, Silver Bow County; J. B. Mc-
Clernan, Judge.*

ACTION by Anna E. Hawley against the City of Butte for an
injunction.   Judgment for defendant, and plaintiff appeals.
Affirmed.

*Mr. W. E. Carroll,* for Appellant, submitted a brief.

*Mr. John A. Groeneveld, Mr. Thos. D. Long, Mr. Louis F.
Lorenz, Mr. Fred J. Furman* and *Mr. N. A. Rotering,* for
Respondent, submitted a brief; *Mr. Groeneveld* and *Mr. Rotering*
argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The city of Butte undertook to create a special improvement
district for paving and other purposes.   Within the time allowed
by statute a protest was filed with the city clerk by persons own-
ing more than 50 per cent of the real estate included within
the proposed district.   On the day following and within the same
period certain of the persons who signed the protest notified
the council in writing that they withdrew their objections to the
creation of the district.   When the council came to consider the

subject, it eliminated the withdrawals from the protest and found that the protest, as thus changed, contained the signatures of the owners of only 46 per cent of the area embraced within the proposed district, and was therefore insufficient. It passed a resolution creating the district and directed the clerk to advertise for bids, and this suit was then instituted by one of the protestants to enjoin the city from proceeding further. The cause was submitted for decision upon an agreed statement of facts. The trial court found for defendant and plaintiff appealed.

In the agreed statement counsel for the respective parties submitted to the court but a single question: May a property [1] owner who has signed a protest against the creation of a special improvement district within the period allowed for presenting such protest withdraw therefrom and thereby defeat the protest? It was conceded by both parties that, if the withdrawals were not properly allowed, the protest was sufficient to defeat the project, whereas, if the withdrawals were properly allowed, the council correctly held the protest insufficient.

The statutes governing the creation of special improvement districts in cities and towns (Chap. 89, Laws 1913, as amended by Chap. 142, Laws 1915), provide for a resolution by the city council expressing its intention to create the district in contemplation and for notice to everyone having property within the proposed district. Within fifteen days after the first publication of the notice, any owner of property liable to assessment for the work may make protest in writing and file such protest with the city clerk. At the next regular meeting of the council after the expiration of the time for filing protests the council shall hear and pass upon all protests. If no protests are filed, or if protests are filed which are found to be insufficient or are overruled or denied, "immediately thereupon the city council shall be deemed to have acquired jurisdiction to order the proposed improvement." There is not any provision in the statute which in terms authorizes one who has signed a protest to withdraw therefrom, but the legislature has seen fit to refer the

question of the propriety of creating a special improvement district to the owners of the majority of the property responsible for the cost of the improvement. This right to protest is simply the right to petition—the right to express the will of the property owner affected by the improvement. In the exercise of its authority over the subject, the legislature has limited the time within which such property owner may express his dissent, but within that limited time he is allowed the utmost liberality for the expression of his views, and it is not until the full period thus allowed him has expired that he is foreclosed from making known his final decision. So long as the subject is referred to him and he is invited by the notice to express his disapproval, if any such he has, he should be held to be free to make known his views or to change them, if he acts within the time allowed by law.

Our statute is somewhat peculiar, in that jurisdiction to proceed with the improvement is not conferred upon the city until it has first determined that a sufficient protest is not before it. The right to petition implies the right to withdraw from a petition (*State ex rel. Lang* v. *Furnish,* 48 Mont. 28, 134 Pac. 297; *State ex rel. Fadness* v. *Eie, ante,* p. 138, 162 Pac. 164); and since it is the obvious purpose of this legislation to permit the owners of a majority of the property affected to determine the propriety of the improvement, that purpose is best subserved by a liberal interpretation of the statute in favor of those directly interested, if they act within the time fixed by the statute or acquiesce for that period. These views are supported by the better reasoning and by the decided weight of authority. The subject is treated thoroughly and the decided cases reviewed in *Sedalia* v. *Montgomery,* 227 Mo. 1, 127 S. W. 50.

Neither do these views conflict in the least with the authorities which hold that, if the statute itself confers jurisdiction upon the council which is subject to be defeated by filing a protest signed by the owners of a majority of the property affected, then the withdrawal of names from such a protest sufficient in the first instance to oust jurisdiction cannot have the effect of

reinvesting in the council the jurisdiction lost when the protest was filed. By the express terms of our statute jurisdiction does not attach until the council finds that a sufficient protest is not before it, and therefore the withdrawal of names from the protest before the time for filing such protest has expired does not affect the question of jurisdiction. Though its exercise may occasion disappointment to the remaining protestants, the right to withdraw cannot be denied. When the time for the presentation of protests expired, the owners of less than one-half of the property affected were objecting to the improvement, and the council properly determined that such protest was insufficient.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, did not hear the argument, and takes no part in the foregoing decision.