In the Matter of the Application of HATTIE L. MOSHER for a Writ of Certiorari. HATTIE L. MOSHER, Appellant, v. CITY OF PHOE-NIX, Appellee.

1. MUNICIPAL CORPORATIONS — PROTEST AGAINST IMPROVEMENT CAN BE WITHDRAWN BEFORE EXPIRATION OF PERIOD.—Since Civil Code of 1913, paragraph 1957, gives the city council jurisdiction to order improvements only upon expiration of the period for protest and upon its determination that the protests are insufficient, property owners who signed the protest may withdraw them during the period for filing protests, and if such withdrawals leave an insufficient number of protests the improvement may be ordered.

2. MUNICIPAL CORPORATIONS—SUFFICIENT PROTEST TERMINATES ALL PROCEEDINGS UNDER RESOLUTION OF INTENTION.—Under Civil Code of 1913, paragraph 1957, providing that, if a majority of the property owners in a proposed improvement district protest within the time fixed after notice of intention, the council is barred from any further proceedings in relation to doing the work, unless the owners of more than one-half of the frontage petition that it shall be done, the filing of a sufficient protest prevents the council from acquiring jurisdiction to proceed with the work under the resolution initiating the proceedings against which the protest was directed and bars an attempt to initiate new proceedings.

3. MUNICIPAL CORPORATIONS—INDORSEMENT OF CITY CLERK IS NOT NECESSARY TO MAKE PROTEST VALID.—The indorsement of the

See 28 Cyc. 989, 991, 1017.

city clerk is not necessary to make a protest against a proposed improvement valid.

4. MUNICIPAL CORPORATIONS—AWARD OF CONTRACT IS NECESSARY TO PRESERVE RIGHT TO RAISE ISSUE AS TO SUFFICIENCY OF PROTEST. Objections to the awarding of a contract for public improvements, taken under Civil Code of 1913, paragraph 1960, are necessary to preserve the right to raise the question of the sufficiency of the protest on appeal.

On rehearing of appeal from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

For former opinion, see 24 Ariz. 230, 207 Pac. 1087.

Mr. J. B. Woodward, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

DARNELL, Superior Judge.—After thorough review of both the facts and the law involved in this appeal, we feel bound to recede from the position taken in our opinion of July 29, 1922, concerning the right of objectors who have signed a protest against proposed municipal improvements under the law of 1913 as amended to withdraw from the protest and be counted as favoring such improvement. Under a liberal construction of this law, such construction being made mandatory by paragraph 1976 of 1913 Civil Code of Arizona, being section 24 of the Improvement Law, objectors who have signed a paper of protest against a proposed street improvement may withdraw their names from such paper during the period fixed by the law within which protests may be filed, and such persons withdrawing may be counted as favoring such proposed improvement.

This hinges upon the question as to whether the legislative body of the municipality is granted by the

Improvement Act jurisdiction to order the improvement made unless deprived of that jurisdiction by a sufficient protest as defined by the law itself, or whether it shall acquire jurisdiction only after the protest period and when it is ascertained by the body that no sufficient protest has been filed.

We think the latter to be the true situation. A portion of paragraph 1957, Revised Statutes of Arizona of 1913, Civil Code, clearly determines the time when the city shall acquire jurisdiction to order improvements made. It reads:

"When no protests against said work or no objections as to the extent of the proposed assessment district have been filed within the time above specified, or when a protest shall have been filed and it is found by said legislative body to be insufficient, or when the objections to the extent of the proposed district shall have been heard, and shall have been denied, *immediately thereupon the said legislative body shall have jurisdiction* to order the proposed improvements. *Upon acquiring jurisdiction,* the said legislative body may by resolution order the improvement described in the resolution of intention to be done."

Not until the protest period has expired and the conditions set out in the foregoing paragraph are found to exist does the city "have jurisdiction to order the proposed improvements," and "upon acquiring (this) jurisdiction" it "may by resolution order the improvement described in the resolution of intention to be done."

Our statute is similar to the Montana statute governing like proceedings, and in the case of *Hawley* v. *City of Butte,* 53 Mont. 411, 164 Pac. 305, a situation identical with the one in this case is discussed:

"The statute governing the creation of special improvement districts in cities and towns (chapter 89, Laws 1913, as amended by chapter 142, Laws 1915) provide for a resolution by the city council express-

ing its intention to create the district in contemplation and for notice to every one having property within the proposed district. Within fifteen days after the first publication of the notice, any owner of property liable to assessment for the work may make protest in writing and file such protest with the city clerk. At the next regular meeting of the council after the expiration of the time for filing protests the council shall hear and pass upon all protests. If no protests are filed, or if protests are filed which are found to be insufficient or are overruled or denied, 'immediately thereupon the city council shall be deemed to have acquired jurisdiction to order the proposed improvement.' There is not any provision in the statute which in terms authorizes one who has signed a protest to withdraw therefrom, but the legislature has seen fit to refer the question of the propriety of creating a special improvement district to the owners of the majority of the property responsible for the cost of the improvement. This right to protest is simply the right to petition—the right to express the will of the property owner affected by the improvement. In the exercise of its authority over the subject, the legislature has limited the time within which such property owner may express his dissent, but within that limited time he is allowed the utmost liberality for the expression of his views, and it is not until the full period thus allowed him has expired that he is foreclosed from making known his final decision. So long as the subject is referred to him and he is invited by the notice to express his disapproval, if any such he has, he should be held to be free to make known his views or to change them, if he acts within the time allowed by law.

"Our statute is somewhat peculiar, in that jurisdiction to proceed with the improvement is not conferred upon the city until it has first determined that a sufficient protest is not before it. The right to petition implies the right to withdraw from a petition (*State ex rel. Lang* v. *Furnish,* 48 Mont. 28, 134 Pac. 297; *State ex rel. Fadness* v. *Eie,* 53 Mont. 138, 162 Pac. 164); and since it is the obvious purpose of this legislation to permit the owners of a majority of the prop-

erty affected to determine the propriety of the improvement, that purpose is best subserved by a liberal interpretation of the statute in favor of those directly interested, if they act within the time fixed by the statute or acquiesce for that period. These views are supported by the better reasoning and by the decided weight of authority. The subject is treated thoroughly and the decided cases reviewed in *Sedalia* v. *Montgomery*, 227 Mo. 1, 88 S. W. 1014, 127 S. W. 50.''

If a protest, found sufficient by the legislative body at the expiration of the protest period, has been filed, such body has been thus prevented from acquiring jurisdiction to proceed with the work under the resolution of intention initiating the proceedings against which such protest has been directed, and is ''barred'' from attempting to initiate a new proceeding under a new resolution of intention for a period of six months, unless the owners of one-half or more of the frontage involved petition that the work be done. The case of *City Street Improvement Co.* v. *Babcock,* 123 Cal. 205, 55 Pac. 762, in construing a section of the California Vrooman Act (Stats. 1891, p. 196) quite similar to the section of our own statute in question in this case, says:

''By filing their protest, the owners of a majority of the frontage placed a veto upon 'any further proceedings in relation to the doing of the work,' which was absolute for six months, but at the expiration of that period the board could exercise its power to order the improvement in the same manner, and by the same proceedings, as it could order any other improvement. If it had been the intention of the legislature that the power of the board to order the work was merely suspended for six months, and that at the expiration of that period it might order the work without any other proceedings, it is reasonable to believe that it would have expressed its intention in direct language to that effect; but its use of the term 'bar,' and its declaration that the board should not

take any further proceedings 'in relation to the doing of the said work,' indicates that it intended more than a suspension of action, and that the further proceedings in relation to the work should be such as were required in the first instance for effecting the improvement. The provision of the section is that the protest shall be not merely a 'bar' to ordering the work, but a bar to any further proceedings 'in relation to' the doing of the work, language which must include every step which is necessary to give to the board the power to order the work to be done; and it is further to be noticed that it is not a bar to further proceedings 'under said resolution,' but further proceedings 'in relation to doing said work.' ''

In following the rule laid down in the case of *City Street Improvement Co.* v. *Babcock, supra,* and cases in support thereof, *Union Paving & Contracting Co.* v. *McGovern,* 127 Cal. 638, 60 Pac. 169, *Pacific Paving Co.* v. *Geary,* 136 Cal. 373, 68 Pac. 1028, *Pacific Paving Co.* v. *Sullivan Estate Co.,* 137 Cal. 261, 70 Pac. 86, *Pacific Paving Co.* v. *Diggins,* 4 Cal. App. 240, 87 Pac. 415, *City Street Improvement Co.* v. *Babcock,* 139 Cal. 690, 73 Pac. 666, and adopting the rule of liberal construction, other questions raised by appellee's brief are necessarily answered. That is, indorsement of the city clerk is not necessary to make the protest a valid one; and that objections to the award of contract taken by appellant, Hattie L. Mosher, under the provisions of paragraph 1960 of the Revised Statutes of 1913, were material to the issue and necessary to preserve the right of appellant to raise the question of the sufficiency of the protest.

The judgment of the lower court is affirmed and the case remanded, with directions to set aside judgment for appellant and to enter judgment in favor of appellee.

ROSS, J., concurs.

McALISTER, C. J., having become a property owner in the district involved since the oral argument, took no part in this decision.

LYMAN, J., being disqualified, Honorable GEORGE R. DARNELL, Superior Judge of Pima county, was called to act in his place.