[Civil No. 2364.   Filed July 7, 1925.]

[237 Pac. 957.]

VALLEY CENTER SCHOOL DISTRICT No. 20, C. E. HOBART AND W. I. HARMON, School Trustees of School District No. 20, and CLYFF NEWMAN, Appellants, v. ANNA D. HANSBERGER, County School Superintendent of Yuma County, Arizona, GEORGE DOWNY, ALLYN TUTTLE and FRANK LUCAS as the Board of Supervisors of Yuma County, Arizona, Appellees.

SCHOOLS AND SCHOOL DISTRICTS—PROTEST AGAINST ANNEXATION OF ONE SCHOOL DISTRICT TO ANOTHER AND REQUEST BY PETITIONERS TO HAVE NAMES WITHDRAWN FROM PETITION TO BE EFFECTIVE MUST BE MADE WITHIN 15 DAYS AFTER APPROVAL BY TRUSTEES OF SCHOOL DISTRICT.—When petition for annexation of one school district to another has been presented to trustees of latter, under Civil Code of 1913, paragraph 2722½ added by Laws of 1921, chapter 72, and approved by them and transmitted to county superintendent of schools, requests by signers to have their names withdrawn from petition and protests against annexation filed with county superintendent more than 15 days after petition was approved are of no avail.

See 35 Cyc., p. 842.

APPEAL from a judgment of the Superior Court of the County of Yuma. F. L. Ingraham, Judge. Affirmed.

Mr. William H. Westover, for Appellants.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for Appellee.

ROSS, J.—This action was brought by the Valley Center School District No. 20 against the county school superintendent and the board of supervisors of Yuma county to enjoin such public officers from giving force and effect to certain proceedings taken by the electors of said school district No. 20 for its annexation to Crane school district No. 13 of Yuma county.

The facts upon which the case was tried were stipulated and upon those same facts the case is presented here. It was stipulated that prior to June 2, 1924, a majority of the electors of school district No. 20 presented a petition to the board of trustees of school district No. 13, expressing a desire to be annexed thereto, and praying for such annexation, and that said petition was acted upon favorably by the said trustees of school district No. 13, and thereafter duly transmitted with the indorsement of said trustees to the county school superintendent of Yuma county, who placed the same upon file in her office and after fifteen days, to wit, on the sixteenth day after such transmittal, and after the reception of said petition, the said superintendent of schools made her records of boundaries to conform to said petition and notified the board of supervisors thereof; that no opposition to petition from the electors of school district No. 13 was received by or filed with the said superintendent of schools during the fifteen-day period next after the

transmittal and reception of petition for annexation, and no such petition has ever been circulated or signed by electors of school district No. 13; that on June 9th, twenty-three of those who had signed the petition for annexation filed a request with the school superintendent for the removal of their names from such petition, and on the same day forty-six electors of school district No. 20, the same being a majority of the electors thereof, filed a protest with said superintendent against the annexation.

The lower court rendered judgment refusing injunctive relief and dismissed plaintiff's complaint. It is from such judgment that this appeal is taken.

Paragraph 2722½, chapter 72, Laws of 1921, provides for the annexation of one school district to another and prescribes what shall be done to accomplish such act. It is as follows:

"One school district may annex itself to another district, when a majority of the school electors of the said district presents a petition to the trustees of the district to which they desire to be annexed, setting forth accurately the boundaries of said district to be annexed. Said petition if acted upon favorably by the board of trustees of the district to which the annexation is to be made, shall be transmitted with the indorsement of the said board of trustees thereon, to the county superintendent of schools, who shall, provided no petition to prevent such annexation, signed by a majority of the school electors representing the district to which annexation is to be made has been received by said superintendent within 15 days after such transmittal, make his records of boundaries to conform to said petition and so notify the board of supervisors and on and after the 1st day of July following, said district shall become a part of the district to which they have petitioned to be annexed."

The only question raised on appeal is the effect that should be given the withdrawals and the protests. It is the contention of appellant that the right to peti-

tion involves the right to withdraw from petition and to protest even though the statute be silent thereon, and in support thereof there is cited a decision by our own court, *Mosher* v. *Phoenix* (paving case), 25 Ariz. 297, 216 Pac. 242, and a great many cases from other courts. In all of these cases, however, the withdrawal was made before the body to whom the petition was presented had acted thereon. In the present case the board of trustees of district No. 13, whose duty it was to act upon the petition for annexation, had done so and granted the prayer thereof before the withdrawals were attempted or the protests filed, and even then the withdrawals and protests were not presented to the trustees, but to the superintendent of schools, whose functions under the law are purely clerical. The superintendent of schools is given no power to pass upon, approve, or reject petitions for annexation. That is a function of the trustees of the school district to whom petition is addressed, and their action of approval is final, unless within fifteen days thereafter a majority of the electors of their district file with the superintendent of schools a petition opposing annexation.

The cases cited and relied upon by appellant would be applicable if the facts were that the petitioners for annexation had changed their minds and asked that their names be withdrawn at any time before the trustees of school district No. 13 had acted favorably upon the petition. Under the facts in this case the request of petitioners to have their names withdrawn came too late, as did also the protests.

In *Laney* v. *State,* 20 Ariz. 416, 181 Pac. 186, the plenary legislative power to create, consolidate, and abolish school districts was touched upon. We quoted with approval from *Worthington School District* v. *Eureka School District,* 173 Cal. 154, 159 Pac. 437, as follows:

"The power of the Legislature over school districts is plenary. . . . It may divide, change, or abolish such districts at pleasure, and may delegate to boards of supervisors powers of annexation under certain conditions."

We are satisfied that the ruling of the lower court was correct.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.