# ACORD et al. v. SALT LAKE CITY et al.

No. 4735.   Decided January 5, 1929.   (275 P. 1103.)
Rehearing Denied March 27, 1929.

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellants.

*W. H. Folland,* City Atty., and *Shirley P. Jones* and *W. A. Fraser,* Asst. City Attys., all of Salt Lake City, for respondents.

HANSEN, J.

Plaintiffs brought this suit to enjoin the collection of, and to have declared void, a special tax or assessment levied against their property. Upon issues joined by the pleadings of plaintiffs and defendants a trial was had and a decree was entered denying the injunction prayed, and adjudging that the levy of the special tax or assessment complained of was valid. Plaintiffs appeal.

No bill of exceptions is brought up. The appeal is on the judgment roll. The trial court's findings of fact, so far as material to a determination of the questions raised on this appeal, are:

1. "That the defendant Salt Lake City is now and at all times hereinafter mentioned has been a municipal corporation organized and existing under and by virtue of the laws of the State of Utah and is a city of the first class.

2. "That on or about November 10, 1924, the Board of Commissioners * * * duly gave and caused be published in the manner prescribed by law a notice of intention of said Board of Commissioners to open Westminster Avenue between 12th East Street and Douglas Street in Salt Lake City, Utah, which said notice was as follows:

" 'Notice.

" 'Notice is hereby given by the Board of Commissioners of Salt Lake City, Utah, of the intention of such Board of Commissioners to make the following described improvement, to wit:

" 'To open Westminster Avenue from 12th East Street to Douglas Street, according to plans and specifications on file in the office of the City Engineer, and for that purpose to acquire by purchase the following described tract of land, all of which shall be established, opened and used for street purposes as a part of Westminster Avenue, to wit: Beginning at a point 33 ft. east and 118.55 ft. south from the Northwest corner of Lot 17, Blk. 1-A, 5-Acre Plat A, Big Field

Survey, thence east 346.5 ft., then south 50 ft., thence west 346.5 ft., thence north 50 ft. to place of beginning.

" 'And to defray the cost and expense thereof by a local assessment upon the lots or pieces of ground affected and benefited by said improvement.

" 'The estimated cost of said improvement is Two Thousand Three Hundred Seventy-five and 98/100 ($2,375.98) Dollars, or 26/100 ($.26) Dollars per front or linear foot abutting property.

" 'The district to be affected and benefited by said improvement and to be taxed to pay the cost and expense of the same are the lots and pieces of ground situated in Blk. 1-A, 5-Acre Plat A, Big Field Survey, and abutting on the east side of 11th East from Wilson Avenue to the south line of Lot 4; the east side of Godley St. from Garfield Ave. to a point 254.1 ft. north; the east side of 12th East Street from the north line of Lot 16 to a point 287.1 ft. south; and from the south line of Lot 19 to a point 645.97 ft. north; west side of 12th East Street from the north line of Lot 4 to a point 287.1 ft. south; west side of Douglas Street from the north line of Lot 18 to a point 574.2 ft. south; the east side of Douglas Street from the north line of Lot 18 to a point 499.95 ft. south; the west side of 13th East Street from a point 253.79 ft. north of Westminster Ave. to south line of Lot 19; the north extremity of Godley St. from the east side of said street to a point 50 ft. west; the north side of Garfield Avenue from a point 83.33 ft. east of Godley St. to a point 400.67 ft. east; the south side of Garfield Ave. from 12th East to a point 601.0 ft. West; the north side of Westminster Ave. from a point 116.5 ft. west of 13th East Street to a point 601.0 ft. west of 12th East; the south side of Westminster Ave. from a point 113.0 ft. west of 13th East Street to a point 364.0 ft west of 13th East Street, and from 12th East St. to a point 575.0 ft. west; both sides of Ramona Avenue from 12th East Street to a point 575.0 west; said lots and parcels of land to be assessed to the full depth thereof and all within the district bounded on the north by Wilson Avenue, on the south by 21st South Street, on the west by the west side of 11th East Street, and on the east by the east side of 13th East street.

" 'All protests and objections to the carrying out of such intention must be presented in writing, stating therein lot and block, frontage in feet, or description of property, to the City Recorder on or before the 2nd day of December, 1924.

" 'The Board of Commissioners, at its first regular meeting thereafter, to wit, on the 3d day of December, 1924, will consider the proposed levy, and hear and consider such protests and objections to said proposed improvements as shall have been made.

" 'By order of the Board of Commissioners of Salt Lake City, Utah, Dated November 10, 1924.

" 'W. A. Leatham,
" 'City Recorder.

" 'Street Extension No. 6.
" 'First Publication November 11, 1924.
" 'Last Publication December 1, 1924.'

3. "That the plaintiffs were, at the time of the publication of said notice of intention herein set out, the owners of lots and parcels of ground within said improvement and street extension district, which lots and parcels of ground the plaintiffs were occupying as their homes, that plaintiffs are not all of the owners of property included within said district.

4. "That within the time specified in the notice of intention protests were received by the City Recorder of Salt Lake City and referred to the Board of Commissioners of Salt Lake City; that the number of front feet within the district was 9,138.37; that the number of front feet which protested against said improvement by owner or agent was 4,716.4; that the number of front feet protested by non-owners was 1,116.4; that the number of front feet necessary to defeat the extension was 6,092.28. Whereupon the Board of Commissioners assumed jurisdiction to open said street and tax the cost thereof against the property within the district, including the property of these plaintiffs, and proceeded with said street opening.

5. "That for the purpose of opening and extending the said Westminster Avenue the Board of Commissioners of Salt Lake City, on or about December 30, 1924, acquired the property necessary for said street opening, which property was acquired in separate parcels and under the following condition, to wit:

"From the Sugar House Corporation of the Church of Jesus Christ of Latter-Day Saints, the following described property (describing same) for the consideration of the sum of $500.00 to be credited by Salt Lake City upon the cost of a sewer and sidewalk to be thereafter constructed on the north side of Westminster Avenue as opened, or upon any assessment levied for such public improvements and the street opening, the total cost of which would be in excess of said sum, said grantor being the owner of the property immediately abutting said Westminster Avenue between Douglas and 12th East Street on the north side thereof.

"From Albert and Etta F. Toronto for $1.00 consideration, the following described property (describing same).

"From Mads Nielson and Christine C. Nielson the following described property (describing same) for the consideration of $200.00 paid in cash and grantor to be relieved of the whole cost, which the

city agreed to pay, of the construction of a sewer and sidewalk on the south side of said Westminster Avenue between Douglas and 12th East Street and the abutters' portion of street grading, said grantors being the owners of 156.75 feet frontage on said Westminster Avenue as opened.

"From Doratha Hellen Pulley, Martin M. Gregory and Doratha Hellen Pulley, nee Gregory, qualified and acting guardian of Chelta Louise Gregory and Bernetta Gregory, minors, the following described property (describing same) for the consideration of $200.00 paid in cash and grantor to be relieved of the whole cost, which the city agreed to pay, of the construction of a sewer and sidewalk on the south side of said Westminster Avenue between Douglas and 12th East Streets and the abutters' portion of street grading, said grantors being the owners of 189.75 feet frontage on said Westminster Avenue as opened.

6. "That the estimated cost of the opening of Westminster Avenue as specified in the notice of intention is the sum of $2,375.98, which it was estimated in the specifications would be used and actually was applied as follows: Construction of sidewalk on south side of Westmister Avenue as opened, $464.31; construction of sewer on south side of Westminster Avenue as opened, $449.80; one-half cost of grading said Douglas Street as opened, $336.00; application of exemption by credit on special assessments against the property of the Sugar House Corporation of the Church of Jesus Christ of Latter-Day Saints abutting north side of Westminster Avenue as opened, $500.00; cash payment on the purchase price of the property in the south 25 feet of Douglas Avenue as opened, $400.00; allowance for engineering and other expense incident to street opening, Extension No. 6, $225.87. Said total sum of $2,375.98 was actually included in the special assessment as levied and became a lien upon the property in said district as specified in the ordinance of levy.

"That said Westminster Avenue between 12th East Street and Douglas Street was opened and graded and is now used by the public as a public thoroughfare of Salt Lake City; that the sidewalks and sewers referred to have been constructed and the cost of said sewers, sidewalks and grading equalled the amount of said estimate.

7. "That a notice was given by the Board of Commissioners of Salt Lake City as required by law of a meeting of the Board of Equalization and Review, which board would hear and consider objections and make corrections of the proposed tax which the Board might consider unequal or unjust and fixed a time, to wit, on Monday, the 26th day of January, 1925, and each day thereafter to and including January 28, 1925, and designated the place of its meeting as the

office of the City Recorder of Salt Lake City; that no protests or complaints of any kind were made to said Board of Equalization and Review by these plaintiffs or any of them or by anyone else. Whereupon said board recommended to the Board of Commissioners that the tax as proposed be levied upon the property within said district.

8. "That thereafter on the 29th day of January, 1925, the Board of Commissioners duly passed and enacted and published an ordinance known as Bill No. 2 of 1925, levying the assessment for said improvement, which said ordinance is in words and figures as follows: (Setting forth same.)

9. "That prior to the making of said Westminster Avenue extension there was no through east and west street between 17th South and 21st South Streets, 11th East and 13th East Streets, and that said Westminster Avenue was extended between Douglas Street and 12th East Street to open up and give access to the various parts of said areas by said east and west street; that the property of plaintiffs is situated within the district created and described in the notice of intention and the ordinance of levy; that the property of the plaintiffs has been benefited by said street opening to an amount in excess of the tax imposed upon it.

10. "That on the 9th day of June, 1925, the Board of Commissioners of Salt Lake City made an appropriation of $500.00 from the General Fund to the Special Fund of Street Extension No. 6 and the rate of assessment against all the property in the district was thereupon reduced proportionately.

11. "That the Board of Commissioners of Salt Lake City did not before passing said ordinance levying the special tax aforesaid ascertain by contract duly let to the lowest responsible bidder for the doing of said work after publication of notice to contractors and did not ascertain by the letting of the contract pursuant to notice, or otherwise, the cost of said street grading, sewer and sidewalk on said Westminster Avenue between Douglas Street and 12th East Street; that no sidewalk or sewer district was created including the property of these plaintiffs, or any sidewalk or sewer assessment levied against or upon the property of these plaintiffs for the purpose of constructing the sidewalk and sewer along Westminster Avenue between Douglas Street and 12th East Street.

12. "That the special tax levied by said ordinance was duly spread upon the public records of the Treasurer of Salt Lake City and was thereafter shown as a lien upon each and every parcel of land situated within the district described in said ordinance and known as Street Extension No. 6.

. 13. "That the Board of Commissioners of Salt Lake City issued pursuant to law special improvement bonds to the amount of the tax thus levied, which said bonds are valid and outstanding obligations of the district known as Street Extension No. 6.

14. "That none of the plaintiffs herein paid or offered to pay any special taxes assessed or levied against their property for said street opening either under protest or otherwise, but they have failed and neglected to make such or any payment and the said tax so far as it affects the property of the plaintiffs is now delinquent."

Upon the facts so found the appellants contend, as stated in their brief:

1. "That under the notice of intention published, the city did not acquire jurisdiction, and was not authorized to construct a sidewalk and sewer, or to do any street grading or to pay any engineering or other expense incident to street opening, or to exempt any property from the payment of the assessment, the notice of intention being limited to the purpose 'acquired by purchase' the property actually included in the street extension.

2. "That the city acted wholly without authority in passing the ordinance levying the tax, by reason of the failure of the city, as the court specifically found, before passing the ordinance levying the tax, to ascertain by contract duly let the cost of such improvement."

Laws Utah 1921, c. 15, grants boards of city commissioners power to create improvement districts, to open streets and alleys, and to levy and collect special taxes and assessments upon the property abutting upon or adjacent to the streets and alleys thus opened. It is there also provided:

"695. Special taxes may be levied as the improvements are completed in front of or along or upon any block or lot, or part thereof, or pieces of ground, or at the time the improvement is entirely completed or when light service or park maintenance is commenced, as shall be provided in the ordinance levying the tax; provided that before any special tax for special improvements shall be levied, the cost of such improvements in the improvement district, or part thereof, named in the notice of intention to make such improvement, shall be ascertained by contract duly let to the lowest responsible bidder for the kind of service or material or form of construction which may be determined upon, after publication of twenty days notice to contractors, in the manner provided for publication of notice of

intention to make such improvements, which notice may be published simultaneously with the notice of intention, and the cost of such improvement shall not exceed to the property owner his proportion of the total cost of the improvement determined as provided in section 676. * * * Where assessment is levied for the cost of opening, widening or extending streets or alleys, the purchase or condemnation price of the land shall be deemed the contract price, and notice to contractors may be dispensed with. The board of commissioners, * * * may, from time to time as work proceeds in any improvement district pursuant to contract duly entered into, issue to the contractor interim warrants against the improvement district, for not to exceed ninety per cent in value of the work theretofore done, upon estimates of the city * * * engineer, which warrants shall bear interest at the rate of six per cent per annum from date of issue until fifteen days after levy of assessment. * * *"

As we understand appellants' position, no claim is made that the city commission was not empowered to purchase land for the purpose of opening Westminster avenue and levy an assessment on the lands benefited to defray the expense thereof. Appellants do contend, however, that the city commission was without power or authority to contract to pay for the lands thus purchased by the construction of a sewer and a sidewalk for the benefit of the owners of the lands purchased, and then levy a special tax upon the lands of the appellants to defray the expense of the construction of such sewer and sidewalk; that, if the city commission had the power or authority to pay for part of the lands purchased by the construction of a sewer and sidewalk, such power and authority must be exercised by giving notice to contractors and letting a contract to the lowest responsible bidder as provided by law; that not until a contract was duly let for the construction of the sidewalk and sewer did the city commission have any jurisdiction to levy any tax upon the lands of appellants. It will be observed that the city commission constructed the sidewalk and sewer without advertising for bids and without letting any contract. In support of appellants' contentions they cite and rely on the cases of *Jones* v. *Foulger,* 46

Utah 419, 150 P. 933; *Gwilliam* v. *Ogden City*, 49 Utah 555, 164 P. 1022; *Kerr* v. *City of Corsicana* (Tex. Civ. App.) 35 S. W. 694. We are unable to see wherein the cases cited are applicable to the facts in the instant case. In *Jones* v. *Foulger,* supra, it was held that the notice of intention did not include the plaintiff's property. In *Gwilliam* v. *Ogden,* supra, it was held that the notice of intention did not advise the plaintiffs of the nature of the proposed improvement. The case of *Kerr* v. *Corsicana,* supra, is authority for the rule of law as stated by the Court of Civil Appeals of Texas "that, in order for a tax assessment for street improvements to be legal, a strict compliance with the provisions of the charter must be made, and a failure to comply therewith renders the assessment void." The facts in that case, however, are not similar to the facts in the instant case. In the case under review the notice of intention is clear as to the property to be affected by the proposed improvement, the nature of the proposed improvement, and it specifically describes the tract of land that the city proposed to acquire by purchase to open up Westminster avenue. It is clear that if the city had paid cash for the land purchased to open up Westminster avenue the appellants' appeal would be without merit. It is equally clear that under the notice of intention the appellants may not be compelled to pay the cost of constructing the sidewalk and sewer which were constructed by the city, except as the money expended for such construction was a part of the purchase price of the lands necessary to open up Westminster avenue.

Laws Utah 1921 provides: "691. In all cases before making any of the improvements or levying any taxes, as provided in this title, the city commission * * * shall give notice of the intention to make such improvement or improvements and levy such tax, which notice shall state the purpose for which the taxes are to be levied, the boundaries of the district to be affected or benefited by the improvements, and in a general way describe the improvements proposed

to be made, with the estimated cost as determined by the engineer. * * * If, at or before the time fixed in such notices, written objections to the making of such improvement or improvements and the levy of such tax, signed by the owners of two-thirds of the front feet or square feet located by lots and blocks of the property fronting or abutting on or adjacent to the streets or public alleys to be improved, or especially affected or benefited thereby, be filed with the city recorder of said city, * * * then such proposed improvements shall not be ordered made. *If the owners of two-thirds of the property mentioned do not file such objections, then the city commission, * * * shall have jurisdiction to order the making of the improvements mentioned in said notice.*" (Italics ours.)

The notice of intention to open up Westminster avenue and the proceedings had in pursuance thereof complied with the law above quoted, and gave the city commission jurisdiction to purchase the lands specified in the notice. Having acquired jurisdiction, we know of no rule of law or equity that deprived the commission of such jurisdiction, merely because part of the purchase price of the lands necessary to open up Westminister avenue was paid in cash, and part by defraying the cost of constructing a sewer and sidewalk for the benefit of the sellers. Purchase price is not necessarily confined to cash price. 31 Cyc. 1171; *Falley* v. *Gribling,* 128 Ind. 110, 26 N. E. 794. Laws Utah 1921, c. 15, § 695, provides that the city may issue warrants in payment of the improvement in lieu of cash. So far as appears, the appellants were not injured by the manner in which the purchase price of the lands was paid. When jurisdiction to construct a special improvement has been once acquired, mere irregularities in what is thereafter done do not defeat jurisdiction. *Armstrong* v. *Ogden City,* 12 Utah 4776, 43 P. 119; *Stott* v. *Salt Lake City,* 47 Utah 113, 151 P. 998; *Branting* v. *Salt Lake City,* 47 Utah 296, 153 P. 995; *Gwilliam* v. *Ogden,* supra; *Salt Lake City & Utah Railroad Co.* v. *Payson City,* 66 Utah 521, 244 P. 138.

We are of opinion that the judgment appealed from is right. It should be affirmed. Such is the order. Respondents are awarded their costs.

THURMAN, C. J., and STRAUP, CHERRY, and GIDEON, JJ., concur.