PEARSON v. BUTLER.

No. 5156.   Decided June 6, 1932.   [11 P. (2d) 972.]

*E. S. Chambers,* of Logan, for appellant.

*Young & Bullen,* of Logan, for respondent.

STRAUP, J.

The case went off on a general demurrer to the complaint. The plaintiff declining to further plead, the action was dismissed. By his appeal he complains of the ruling sustaining the demurrer.

The substance of the complaint is that the plaintiff and the defendant entered into an agreement by the terms of which the defendant, at a stated price, agreed to convey to the plaintiff described real estate in Cache county, clear of all incumbrances, and give a good marketable title. It then was alleged that the defendant "deraigned title" through probate proceedings of an estate of a deceased and an estate of a minor, an heir of the deceased, in which proceedings the property in question was distributed and acquired by the defendant. It further is alleged that the court was without jurisdiction in administering such estates and in distributing the property, upon the alleged

ground that sufficient notice was not given for the appointment of an executor in the estate of the deceased and for hearing and approving the final account of administration and distribution of the property, and that likewise sufficient notice was not given for hearings had in the estate of guardianship. It is alleged notice was posted and mailed on April 4, 1928, for a hearing fixed on April 14, 1928, of the petition for probate of the will of the deceased, which hearing was continued from time to time until May 15, 1928, when the will was admitted to probate and an executor appointed; that on April 3, 1929, notice was given for a hearing on April 13, 1929, of a petition for final account and distribution, which hearing was held May 14, 1929; and that notice for sale of real estate of the minor was given January 29, 1930, for the hearing of a petition therefor February 8, 1930.

In each instance the statute required ten days' notice to be given. The contention is that notice of ten full days was not given, and therefore the court was without jurisdiction to hear the respective petitions or grant the orders which were granted; and, as the defendant based and was required to base her title to the premises upon such probate proceedings, she could not give good marketable title, and was unable to carry out the terms of her agreement, to plaintiff's damage in the sum of $100 which he sought to recover.

What divides the parties is this: Plaintiff contends that, in computing the required ten days' notice, both the first and the last day must be excluded, which, if done, did not constitute the giving of ten full days' notice in the particulars indicated; by the defendant, that, in making the computation, the first day is excluded and the last day counted, which, if done, constituted, in each instance referred to, the giving of ten days notice. In no other particular was there any claim made of any irregularity of the probate proceedings or of defect of title. Upon the question of computation, the court held with the defendant and

sustained the demurrer. We think the ruling right. Comp. Laws Utah 1917, § 5843; *Salt Lake & Utah R. Co.* v. *Payson City,* 66 Utah 521, 244 P. 138; *Independent Gas & Oil Co.* v. *Beneficial Oil Co.,* 71 Utah 348, 266 P. 267; *Bates* v. *Howard,* 105 Cal. 173, 38 P. 715; *Bellmer* v. *Blessington,* 136 Cal. 3, 68 P. 111; 38 Cyc. 317.

The judgment is affirmed, with costs to the respondent.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.